**Felix B. VICKNAIR and FBV Corporation, Individually, and as nominee for Felix B. Vicknair, Plaintiffs-Appellants,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**Nos. 78–2684, 78–2685.**

United States Court of Appeals, Fifth Circuit.

May 27, 1980.

Joel Hirschhorn, Miami, Fla., for plaintiffs-appellants.

M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Acting Chief, Appellate Section, Crombie J. D. Garrett, Philip I. Brennan, Leonard J. Henzke, Jr., Tax Div., U. S. Dept. of Justice, Washington, D. C., for defendant-appellee.

Before AINSWORTH and POLITZ, Circuit Judges, and SMITH *, District Judge.

POLITZ, Circuit Judge:

Appellants Felix B. Vicknair and FBV Corporation were served with jeopardy assessments pursuant to 26 U.S.C. § 6861 [1] for the tax years 1975 and 1976, in the total sum of $313,686.38. They sought administrative review of the assessments in accordance with the provisions of 26 U.S.C. § 7429.[2] When the assessments were up-

---

* District Judge of the Northern District of Mississippi, sitting by designation.

1. 26 U.S.C. § 6861(a) provides:

Authority for making.—If the Secretary or his delegate believes that the assessment or collection of a deficiency, as defined in section 6211, will be jeopardized by delay, he shall, notwithstanding the provisions of section 6213(a), immediately assess such deficiency (together with all interest, additional amounts, and additions to the tax provided for by law), and notice and demand shall be made by the Secretary or his delegate for the payment thereof.

2. 26 U.S.C. § 7429 states:

7429. Review of jeopardy assessment procedures.

(a) Administrative review.

(1) Information to taxpayer. Within 5 days after the day on which an assessment is made under section 6851(a), 6861(a), or 6862, the Secretary shall provide the taxpayer with a written statement of the information upon which the Secretary relies in making such assessment.

(2) Request for review. Within 30 days after the day on which the taxpayer is furnished the written statement described in paragraph (1), or within 30 days after the last day of the period within which such statement is required to be furnished, the taxpayer may request the Secretary to review the action taken.

(3) Redetermination by secretary. After a request for review is made under paragraph (2), the Secretary shall determine whether or not—

(A) the making of the assessment under section 6851, 6861, or 6862, as the case may be, is reasonable under the circumstances, and

(B) the amount so assessed or demanded as a result of the action taken under section 6851, 6861, or 6862 is appropriate under the circumstances.

(b) Judicial review.

(1) Actions permitted. Within 30 days after the earlier of—

(A) the day the Secretary notifies the taxpayer of his determination described in subsection (a)(3), or

(B) the 16th day after the request described in subsection (a)(2) was made,

the taxpayer may bring a civil action against the United States in a district court of the United States for a determination under this subsection.

(2) Determination by district court. Within 20 days after an action is commenced under paragraph (1), the district court shall determine whether or not—

(A) the making of the assessment under section 6851, 6861, or 6862, as the case may be, is reasonable under the circumstances, and

(B) the amount so assessed or demanded as a result of the action taken under section 6851, 6861, or 6862, is appropriate under the circumstances.

(3) Order of district court. If the court determines that the making of such assessment is unreasonable or that the amount assessed or demanded is inappropriate, the court may order the Secretary to abate such assessment, to redetermine (in whole or in part) the amount assessed or demanded, or to take such other action as the court finds appropriate.

(c) Extension of 20-day period where taxpayer so requests. If the taxpayer requests an extension of the 20-day period set forth in subsection (b)(2) and establishes reasonable grounds why such extension should be granted, the district court may grant an extension of not more than 40 additional days.

(d) Computation of days. For purposes of this section, Saturday, Sunday, or a legal holiday in the District of Columbia shall not be counted as the last day of any period.

(e) Venue. A civil action under subsection (b) shall be commenced only in the judicial district described in section 1402(a)(1) or (2) of title 28, United States Code.

(f) Finality of determination. Any determination made by a district court under this section shall be final and conclusive and shall not be reviewed by any other court.

(g) Burden of proof.

(1) Reasonableness of termination or jeopardy assessment. In an action under subsection (b) involving the issue of whether the making of an assessment under section 6851, 6861, or 6862 is reasonable under the circumstances, the burden of proof in respect to such issue shall be upon the Secretary.

(2) Reasonableness of amount of assessment. In an action under subsection (b) involving the issue of whether an amount assessed or demanded as a result of action taken under section 6851, 6861, or 6862 is appropriate under the circumstances, the Secretary shall provide a written statement which contains any information with respect

held they sought judicial review as prescribed by § 7429. The district court, 452 F.Supp. 470, found the jeopardy assessments reasonable and approved their imposition. These appeals follow. We dismiss the appeals.

■ Jeopardy assessments, as sanctioned by § 6861 of the Internal Revenue Code, are employed by the IRS to prevent suspected individuals from fleeing without paying taxes or from dissipating assets while tax liabilities are calculated. Affected taxpayers may endure tremendous hardships because assets are virtually frozen for the duration of the jeopardy decree. This procedure has been the subject of criticism because of hardships occasioned by delays sometimes encountered.

■ To alleviate the severity of this procedure, the Tax Reform Act of 1976 authorized prompt review to insure the propriety of the assessment. This Act affords the taxpayer, on an expedited basis, administrative review by the IRS and judicial review by the federal district court. Section 7429(f), entitled "finality of determination," specifically limits judicial review:

> Any determination made by a district court under this section shall be final and conclusive and shall not be reviewed by any other court.

The statutory language being clear, resort to the legislative history is not necessary. However, a review discloses this comment in the Senate Committee Report accompanying § 7429(f):

> . . . a determination by the district court *may not be appealed to or reviewed by any other court.* (Emphasis added.) S.Rep.No. 94–938, 94th Cong., 2nd Sess. p. 365, reprinted in [1976] U.S.Code Cong. & Ad.News pp. 2897, 3794.

Congress has chosen precise and concise language to express its intent; we heed its directions. We do not have jurisdiction. Under the clear mandate of § 7429(f), we

to which his determination of the amount assessed was based, but the burden of proof in respect of such issue shall be upon the taxpayer.

may not entertain these appeals and they are, accordingly, DISMISSED.