**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Leroy DOYLE, Dennis P. Coffey and**
**Coffey & Coffey,**
**Defendants-Appellants.**

**No. 80–1265.**

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 16, 1980.

Decided Sept. 17, 1981.

Kevin E. O'Neill, Milwaukee, Wis., for defendants-appellants.

R. Russell Mather, Asst. Atty. Gen., Tax Div., Dept. of Justice, Washington, D.C., Joan F. Kessler, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff-appellee.

Before FAIRCHILD, SPRECHER and WOOD, Circuit Judges.

FAIRCHILD, Circuit Judge.

Appellant taxpayer Leroy Doyle appeals from the district court's order granting summary judgment in favor of the Internal Revenue Service on Mr. Doyle's counterclaim and granting partial summary judgment in favor of the Service on its main claim.

On July 18, 1978, Doyle was arrested at his residence in Milwaukee for possession of controlled substances including cocaine, heroin, marijuana and barbiturates. In searching his residence, the Milwaukee police discovered and seized $5,301.73 in cash. Doyle hired appellants Dennis Coffey and the law firm of Coffey & Coffey to defend him.

On August 10, 1978, Dennis Coffey served a notice of attorney's lien on the Milwaukee Police Department, asserting his firm's interest in the $5,301.73 as part of a $7,500.00 legal fee Doyle owed Coffey & Coffey. On August 18, a Wisconsin state court judge entered an order directing the Milwaukee police to return the cash to Doyle.

After Doyle's arrest, the Internal Revenue Service obtained his books and records and determined that he owed the United States $41,202.25 in income tax for the period January 1, 1978 to July 18, 1978. This determination was made pursuant to section 6851 of the Internal Revenue Code (26 U.S.C. § 6851), which provides that if the Service finds a taxpayer designs to conceal himself or his assets to avoid paying his income tax, the Service may declare his tax year terminated, calculate the tax owed for the terminated period, and declare such tax immediately due and payable. Having made this "termination assessment," the IRS filed a tax lien with the Milwaukee County Register of Deeds on August 16, 1978, and on the same day made demand on the Milwaukee Police Department for the $5,301.73 seized from Doyle, as partial satisfaction of the tax lien. Because of the other claims on the money, the Milwaukee Police refused to turn it over to the IRS.

Accordingly, the Service filed the present action in the District Court for the Eastern District of Wisconsin, seeking (1) a determination of the tax lien's priority over Coffey & Coffey's attorney's lien; (2) enforcement of the tax lien against the $5,301.73 stake held by the Milwaukee Police; and (3) a determination that Doyle's tax liability is $41,202.25.

Meanwhile, Doyle sought administrative review of the termination assessment under section 7429(a) of the Internal Revenue Code.[1] The Internal Revenue Service

---

1. Section 7429(a) provides:
    (a) Administrative review.—
      (1) Information to taxpayer.—Within 5 days after the day on which an assessment is made under section 6851(a), 6861(a), or 6862, the Secretary shall provide the taxpayer with a written statement of the information upon which the Secretary relies in making such assessment.
      (2) Request for review.—Within 30 days after the day on which the taxpayer is furnished the written statement described in paragraph (1), or within 30 days after the last day of the period within which such statement is required to be furnished, the taxpayer may request the Secretary to review the action taken.
      (3) Redetermination by Secretary.—After a request for review is made under paragraph (2), the Secretary shall determine whether or not—
      (A) the making of the assessment under section 6851, 6861, or 6862, as the case may be, is reasonable under the circumstances, and

found the termination assessment reasonable. Doyle then sought judicial review of the assessment, pursuant to section 7429(b), by filing a counterclaim in the present action.[2] Doyle filed the counterclaim on October 27, 1978. He did not inform the court that section 7429(b) requires it to rule within 20 days, and the court, unaware of this time limit, did not follow it. On February 20, 1979, when the court still had not acted, Doyle moved for summary judgment, arguing that the termination assessment became void and unenforceable by operation of law when the court failed to act within 20 days. The IRS, in response, moved for summary judgment in its favor on the counterclaim and, on its main claim, for partial summary judgment according the tax lien priority over the attorney's lien.

On January 25, 1980, the district court entered an order granting summary judgment to the Service on Doyle's counterclaim, granting partial summary judgment to the Service on the priority issue, and ordering payment of the disputed $5,301.73 to the Service. The determination of the tax liability remained open. Doyle then brought this appeal.

On this appeal, Doyle argues that section 7429(b) must be construed to render the assessment void and unenforceable upon lapse of 20 days without decision by the district court. The IRS counters that the assessment is not thereby rendered void, and in addition, argues that this court lacks appellate jurisdiction because section 7429(f) precludes appellate review of the district court's order.[3]

These two questions, whether the district court's order was unauthorized because the assessment was automatically invalidated by the lapse of 20 days, and whether this court has appellate jurisdiction to review the district court's order, are somewhat interdependent. Were we convinced that the lower court's delay rendered the assessment void by operation of law, we would necessarily conclude that the district court was without jurisdiction to issue an order upholding the assessment. In that case we would have appellate jurisdiction to correct the manifest error of the district court.[4]

---

(B) the amount so assessed or demanded as a result of the action taken under section 6851, 6861, or 6862 is appropriate under the circumstances.
26 U.S.C. § 7429(a).

2. Section 7429(b) provides:
    (b) Judicial review.—
      (1) Actions permitted.—Within 30 days after the earlier of—
      (A) the day the Secretary notifies the taxpayer of his determination described in subsection (a)(3), or
      (B) the 16th day after the request described in subsection (a)(2) was made,
the taxpayer may bring a civil action against the United States in a district court of the United States for a determination under this subsection.
      (2) Determination by district court.—Within 20 days after an action is commenced under paragraph (1), the district court shall determine whether or not—
      (A) the making of the assessment under section 6851, 6861, or 6862, as the case may be, is reasonable under the circumstances, and
      (B) the amount so assessed or demanded as a result of the action taken under section 6851, 6861, or 6862, is appropriate under the circumstances.

      (3) Order of district court.—If the court determines that the making of such assessment is unreasonable or that the amount assessed or demanded is inappropriate, the court may order the Secretary to abate such assessment, to redetermine (in whole or in part) the amount assessed or demanded, or to take such other action as the court finds appropriate.
26 U.S.C. § 7429(b).

3. Section 7429(f) provides:
    (f) Finality of determination.—Any determination made by a district court under this section shall be final and conclusive and shall not be reviewed by any other court.

4. Cf. *Johnson v. Robison*, 415 U.S. 361, 94 S.Ct. 1160, 39 L.Ed.2d 389 (1974) (statute precluding judicial review of "any" Veterans Administration decision held not to preclude judicial review of the constitutionality of the legislation authorizing the Veterans' Administration to act); *Wayne State University v. Cleland*, 590 F.2d 627 (6th Cir. 1978) (same statute did not preclude judicial review of Veterans' Administration's statutory authority to promulgate certain regulations); *Ralpho v. Bell*, 569 F.2d 607 (D.C.Cir.1977) (statute prohibiting judicial review of settlements under Micronesian Claims Act held not to preclude review of scope of Micronesian Claims Commission's statutory authority).

**280**

■ We conclude, however, that the delay in this case did not automatically·void the assessment and therefore did not affect the authority of the district court to rule. Therefore, we have no jurisdiction to review the district court's order, and the appeal must be dismissed.

■ Termination assessments, authorized ·by section 6851 of the Internal Revenue Code, operate to freeze the assets of the taxpayer until the existence and amount of tax liability is determined. Obviously, these procedures can often work a serious hardship on the taxpayer, and for that reason Congress enacted section 7429, as part of the Tax Reform Act of 1976, to provide speedy relief where the assessment is unreasonable. *See Vicknair v. United States,* 617 F.2d 1129 (5th Cir. 1980). After administrative review pursuant to section 7429(a), the taxpayer may seek *de novo* review of the reasonableness of the assessment in federal district court, under section 7429(b). Congress' intent that relief from an improper assessment be prompt is manifested in the requirement that the district court render a decision within 20 days.

■ There is no dispute here that the district court's failure to comply with the 20-day time limit was error. We view such error, moreover, as inherently prejudicial because it deprives the taxpayer of the intended benefit of the statute—prompt review of the reasonableness of the termination assessment. However, we are not convinced that an assessment must become void whenever the court fails to meet the statutory deadline. The deadline is extraordinary in itself, and it is extraordinarily short. It is understandable, therefore, that a district court may allow the deadline to pass unless it is informed of the need for expedited review. Under such circumstances, we think the taxpayer must bear the responsibility of informing the district court of the statutory time constraint involved. This places no special burden on the taxpayer, who is no doubt acutely aware of the deadline, and seems the most reasonable means of avoiding the sort of inadvertent error that occurred here, and of achieving the prompt action envisioned by the statute.

In the present case, Doyle failed to show sufficient diligence in pressing his section 7429 right to expedited review. He did not initially inform the court of the statutory time constraints, and after the 20 days had passed, he allowed another 117 days to go by before taking any action at all. Having shown minimal concern for his section 7429 right, we do not think he is now entitled to the extreme remedy of voiding the assessment by operation of law. Since the assessment was not automatically voided, it follows that the district court had full authority to consider and rule upon the reasonableness of it under section 7429(b).

Having determined that the district court acted within its statutory authority, we must conclude that we may not review the district court's decision in any way. Section 7429(f) is explicit that the lower court's decision "shall not be reviewed by any other court." Congress clearly had authority to cut off challenges to emergency tax assessments at the district court level. We have no more jurisdiction to review the untimely order of the district court than we have to review a timely one. Accordingly we must dismiss this appeal.

Appeal dismissed.