**Donald E. HILEY and Ruth V. Hiley, Plaintiffs-Appellants,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 85–1739.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 11, 1985.

Decided Dec. 10, 1986.

As Amended Dec. 19, 1986.

---

Robert E. Meldman, Meldman, Case, & Weine, Ltd., Milwaukee, Wis., for plaintiffs-appellants.

Gayle P. Miller, Asst. U.S. Atty. (Joseph P. Stadtmueller, U.S. Atty., Milwaukee, Wis., for defendant-appellee.

Before BAUER, Chief Judge, COFFEY, Circuit Judge, and ESCHBACH, Senior Circuit Judge.

ESCHBACH, Senior Circuit Judge.

The primary questions presented in this appeal are (1) whether this court has jurisdiction over this appeal and (2) whether the district court erred in dismissing this action under 26 U.S.C. § 7429 for judicial review of jeopardy and termination tax assessments. For the reasons stated below, we will deny the appellee's motion to dismiss the appeal for lack of jurisdiction, reverse the district court's dismissal of the action, and remand for further proceedings.

I

On December 3, 1984, the Commissioner of the Internal Revenue Service ("Commissioner") issued to Donald E. and Ruth V. Hiley (referred to collectively as "taxpayer") a notice of jeopardy assessment pursuant to 26 U.S.C. § 6861 for income tax, penalties, and interest in the amount of $58,329.74 and $74,619.49 for the tax years of 1982 and 1983, respectively.[1] The notice stated that the Internal Revenue Service ("IRS" or "Service") had been informed that the taxpayer had been arrested for wagering violations with a large sum of money found in his possession and that his "financial solvency" was or appeared "to be imperiled, thereby tending to prejudice or render ineffectual collection of the income taxes" due for the years in question.

On December 13, 1984, the IRS issued another notice of jeopardy assessment pursuant to 26 U.S.C. § 6862 for wagering and registry taxes, penalties, and interest in the amount of $201,175.54 for the period of

---

**1.** The text of 26 U.S.C. § 6861 is set forth in the appendix to this opinion.

May 1982 through October 1984.[2] This notice stated that, pursuant to a search by the authorities, the taxpayer had been found in possession of a large sum of money, "thereby tending to prejudice or render ineffectual collection of wagering tax and registry tax" for the relevant period and that the taxpayer appeared to be concealing income and assets from the government.

On that same day, the IRS issued to the taxpayer a notice of termination assessment pursuant to 26 U.S.C. § 6851 for income taxes in the amount of $33,084.64 for the 1984 tax year.[3] The notice referred to the same facts listed in the second notice as the basis for the assessment.

All of the notices advised taxpayer of the right to obtain administrative and judicial review of the assessments pursuant to 26 U.S.C. § 7429.[4] The taxpayer filed his administrative challenges in a timely manner and, after they were rejected by the IRS, filed an action on January 18, 1985, in federal district court for review of the IRS's determinations.

A hearing was held on February 13, 1985, and the Service, which bears the burden of proof on the issue whether the assessment was reasonable under the circumstances, called the taxpayer as its first witness. He refused to answer the questions posed by counsel for the United States and instead asserted his Fifth Amendment right not to be compelled to testify against himself.[5] The government then moved to dismiss the taxpayer's complaint and also filed with the court that same day a memorandum setting forth the facts that served as the basis for the assessments. On February 14, 1985, the court granted the United States's motion on the ground that the taxpayer, who had

"initiated" this action, could not use the Fifth Amendment as both a "sword" and a "shield."[6] On February 25, 1985, the district court entered its order dismissing the action.

On March 11, 1985, the taxpayer filed in this court a petition for a writ of mandamus. We denied the petition and stated that:

Mandamus is an extraordinary remedy which will not issue absent a clear abuse of discretion. *United States v. Dorfman*, 690 F.2d 1217 (7th Cir.1977). Due to the lack of precedent in the area and the availability of further remedies short of mandamus for petitioners, we do not find mandamus warranted in this case.

The taxpayer then filed a notice of appeal on April 26, 1985. On July 12, 1985, the United States filed a motion to dismiss this action for lack of jurisdiction. We issued an order on August 1, 1985, stating that the motion to dismiss would be decided with the merits of this appeal by the panel assigned to hear the case.

## II

### A. Appellate Jurisdiction

1. Denial of Petition for Writ of Mandamus

■ The government contends that our denial of the taxpayer's petition for a writ of mandamus precludes consideration of this appeal in its entirety or at least of the subject-matter jurisdiction questions presented. We disagree. Where, as here, the denial of the petition is based not on the merits of the dispute, but rather on the limitations inherent in the extraordinary nature of the writ, such a denial does not preclude examination of the merits of the questions presented in the mandamus peti-

---

**2.** The text of 26 U.S.C. § 6862 is set forth in the appendix to this opinion.

**3.** The text of 26 U.S.C. § 6851 is set forth in the appendix to this opinion.

**4.** The text of 26 U.S.C. § 7429 is set forth in the appendix to this opinion.

**5.** The Fifth Amendment provides in relevant part: "No person ... shall be compelled in any criminal case to be a witness against himself."

**6.** No transcript was made of the hearing. We, however, do have a transcript of the district court's ruling on February 14, 1985, which indicates that the taxpayer did invoke his Fifth Amendment rights.

tion under the doctrines of res judicata or law of the case (unless perhaps those questions were actually decided by the denial). *See Hoffman v. Blaski*, 363 U.S. 335, 340 & n. 9, 80 S.Ct. 1084, 1088 & n. 9, 4 L.Ed.2d 1254 (1960); *United States v. Dean*, 752 F.2d 535, 541–42 (11th Cir.1985); 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4445 at 393–94, 396–97, § 4478 at 798 & n. 31 (1981); *cf. Christianson v. Colt Industries Operating Corp.*, 798 F.2d 1051, 1056–1058, (7th Cir.1986). As noted above, our order denying the taxpayer's petition stated only that "[d]ue to the lack of precedent in the area and the availability of further remedies short of mandamus for petitioners, we do not find mandamus warranted in this case." This is manifestly not a decision on either the jurisdiction question or the merits and is, therefore, entitled to no preclusive effect in this appeal.

2. Appellate Jurisdiction

■ Having found that we are not precluded from examining the jurisdictional issues, we will now consider the government's motion to dismiss for lack of appellate jurisdiction. Of course, even in the absence of such a motion, we have an obligation to determine *sua sponte* the basis of our subject-matter jurisdiction as well as that of the district court. *Christianson v. Colt Industries Operating Corp.*, 798 F.2d 1051, 1055–56 (7th Cir.1986). For the reasons developed below, we find that this court has jurisdiction to consider the district court's dismissal of the taxpayer's complaint under 26 U.S.C. § 7429 and will, therefore, deny the United States's motion to dismiss.

Our primary statutory grant of jurisdiction is 28 U.S.C. § 1291, which provides in relevant part that the courts of appeals "shall have jurisdiction of appeals from all final decisions of the district courts of the United States." Thus, we have a broad and generalized authority to review the decisions of the lower courts. In addition, it must also be noted that plenary judicial review of administrative action (here, that

of the IRS) is presumed to be available in all cases and that "only upon a showing of 'clear and convincing evidence' of a contrary legislative intent should the courts restrict access to judicial review." *Abbott Laboratories v. Gardner*, 387 U.S. 136, 141, 87 S.Ct. 1507, 1511, 18 L.Ed.2d 681 (1967); *see also Lindahl v. Office of Personnel Management*, 470 U.S. 768, 778–82, 105 S.Ct. 1620, 1627–28, 84 L.Ed.2d 674 (1985).

The Internal Revenue Code of 1954 ("Code") provides for "jeopardy" and "termination" assessments that operate to freeze the assets of the taxpayer until the existence and amount of tax liability can be determined; thus, the taxpayer loses the use of whatever property is seized by the IRS until judgment is rendered. *Williams v. United States*, 704 F.2d 1222, 1225 n. 3 (11th Cir.1983). Before 1976, the taxpayer's remedies for jeopardy and termination assessments were the same as those for normal assessments, *i.e.*, petitioning the Tax Court for a redetermination or filing a refund suit in a United States district court or in the former Court of Claims. Congress, recognizing that these procedures often work a serious hardship on the taxpayer, enacted § 7429 of the Code as part of the Tax Reform Act of 1976, Pub.L. No. 94–455, § 1204(a), 90 Stat. 1520, 1695–96. *See Vicknair v. United States*, 617 F.2d 1129, 1131 (5th Cir.1980). Section 7429 provides for "expedited" administrative and judicial action in an effort to eliminate to the extent practicable the inevitable delay in obtaining review of jeopardy and termination assessments under prior law. *See* S.Rep. No. 938 (Part 1), 94th Cong., 2d Sess. 359–67, *reprinted in* 1976 U.S.Code Cong. & Ad.News 3439, 3789–96; H.R.Rep. No. 658, 94th Cong., 2d Sess. 299–304, *reprinted in* U.S.Code Cong. & Ad.News 2897, 3195–3200; Joint Committee of Taxation, 94th Cong., 2d Sess., General Explanation of the Tax Reform Act of 1976; *see also Commissioner v. Shapiro*, 424 U.S. 614, 96 S.Ct. 1062, 47 L.Ed.2d 278 (1976); *Laing v. United States*, 423 U.S. 161, 96 S.Ct. 473, 46 L.Ed.2d 416 (1976).

Under § 7429(b)(1), the taxpayer, after seeking administrative review of the ·assessment, may bring a civil action in district court within 30 days of the administrative determination or within 30 days of the 16th day after the taxpayer's request for administrative review (whichever is earlier). Section 7429(b)(2) provides that, within 20 days after the action is commenced, the district court "shall determine" whether "the making of the assessment under section 6851, 6861, or 6862 ... is reasonable under the circumstances" and whether "the amount so assessed or demanded as a result of the action taken under section 6851, 6861, or 6862 is appropriate under the circumstances." Under § 7429(g), the IRS bears the burden of proof on the issue whether the making of the assessment is reasonable and the taxpayer bears the burden of proof on the issue whether the amount of the assessment is reasonable.

We come now to the focus of the jurisdictional challenge. Section 7429(f) provides that "[a]ny *determination* made by a district court under this section shall be final and conclusive and shall not be reviewed by any other court" (emphasis added). The government contends that the "clear meaning" of this provision forecloses appellate review of any action by the district court taken pursuant to § 7429, with the exception of dismissals for want of jurisdiction or venue. We disagree. As Justice Frankfurter stated in *United States v. Monia*, 317 U.S. 424, 431, 63 S.Ct. 409, 412, 87 L.Ed. 376 (1943) (dissenting opinion), "The notion that because the words of a statute

are plain, its meaning is also plain, is merely pernicious oversimplification." He also observed that a statute, "derives significance and sustenance from its environment, from which it cannot be severed without being mutilated." *Id.* at 432, 63 S.Ct. at 413; *see also Milwaukee County v. Donovan*, 771 F.2d 983, 986, 990 (7th Cir.1985), *cert. denied*, — U.S. —, 106 S.Ct. 2246, 90 L.Ed.2d 692 (1986). Reading § 7429 in the context of the circumstances surrounding its enactment, we must reject the interpretation advanced by the United States, because such a reading is inconsistent with the legislature's intent to provide more effective judicial review of jeopardy and termination assessments and, at the same time, does not provide a legitimate benefit to the government that would offset the acknowledged high cost to taxpayers that would result from a narrow reading of the provision.[7]

Indeed, this court and the Eleventh Circuit have previously concluded that, although a district court's decision on the merits of the making and amount of the assessment is unreviewable, an appellate court does have jurisdiction to determine whether the district court acted within the scope of its statutory authority in dismissing a § 7429 action on procedural grounds. *See Schuster v. United States*, 765 F.2d 1047, 1049 & n. 7 (11th Cir.1985); *United States v. Doyle*, 660 F.2d 277 (7th Cir.1981); *cf. Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976); *Allen v. Ferguson*, 791 F.2d 611 (7th Cir.1986).[8] Thus, a district

---

**7.** This is true not only for the limitation on judicial review of § 7429(f). It is, for example, well settled that, although § 7429(b)(2) requires that the district court reach a decision "[w]ithin 20 days" after an action under this section has been commenced, the courts have consistently interpreted that time period as setting forth only a strong admonition for the judiciary to act expeditiously. It has not been read literally as a limitation on the lower courts' jurisdiction, so that those tribunals would be divested of all power to act on the taxpayer's complaint after the 20 days had elapsed, *see, e.g., Meadows v. United States,* 665 F.2d 1009 (11th Cir.1982); *United States v. Doyle,* 660 F.2d 277 (7th Cir. 1981), for such a procrustean forfeiture is wholly inconsistent with Congress's goal of providing

more rapid and effective judicial review of jeopardy and termination assessments. *See Meadows,* 665 F.2d at 1012; *cf. Brock v. Pierce County,* — U.S. —, 106 S.Ct. 1834, 90 L.Ed.2d 248 (1986); *Milwaukee County v. Donovan,* 771 F.2d 983, 989 (7th Cir.1985), *cert. denied,* — U.S. —, 106 S.Ct. 2246, 90 L.Ed.2d 692 (1986).

**8.** The Fifth and Ninth Circuits have read § 7429(f) to forbid review of even procedural challenges. *See Zuluaga v. United States,* 774 F.2d 1487 (9th Cir.1985); *Vicknair v. United States,* 617 F.2d 1129 (5th Cir.1980); *see also Randazzo v. United States,* 751 F.2d 145 (3d Cir.1984) (26 U.S.C. §§ 7429(f) & 7430(e) preclude appellate review of district court's order

court's unauthorized acts are subject to review; its authorized, yet erroneous, acts are not. *See Meadows v. United States,* 665 F.2d 1009, 1012 (11th Cir.1982).

Notwithstanding the United States's assertions to the contrary, this interpretation of § 7429 is, in fact, consistent with the language of that provision. Section 7429(b)(2) defines a "determination" of the district court as a decision regarding the reasonableness of both the making and the amount of the disputed assessment. Section 7429(f) states that only a "determination" made by a district court is unreviewable. The government's position would be more persuasive if § 7429(f) prohibited the review of, for example, all "decisions," "actions," or "orders" of a district court made pursuant to that section. *Cf.* 5 U.S.C. § 8128(b) (1982); 38 U.S.C. § 211(a) (1982); *cf. also Briscoe v. Bell,* 432 U.S. 404, 97 S.Ct. 2428, 53 L.Ed.2d 439 (1977). As we understand § 7429 (and as the government's concession that we may review dismissals for want of jurisdiction or venue suggests), that section indicates that a "determination" is but one of a number of decisions a district court may make in considering a taxpayer's § 7429 challenge. A decision that does not determine the reasonableness of either the making or the amount of the assessment does not come within the scope of § 7429(f) and, therefore, should be open to appellate review, especially in view of the presumption in favor of judicial review of administrative action. *See Zuluaga v. United States,* 774 F.2d 1487, 1490 (9th Cir.1985) (Wiggins, J., concurring).

We will, then, deny the United States's motion to dismiss for lack of appellate jurisdiction and move now to consider whether the district court erred in dismissing this action.

### B. Propriety of Dismissal

■ As noted above, the government called as its first witness at the hearing the taxpayer; the latter refused to answer questions and instead asserted his Fifth Amendment right not to be compelled to testify as a witness against himself. On the government's motion, the district court dismissed the case on the ground that the taxpayer could not use this right as both a "sword" and a "shield" in a civil action. No decision regarding the reasonableness of either the making and the amounts of the disputed assessments was made. Indeed, at oral argument before this court counsel for the government conceded that the district court imposed a sanction of dismissal, so that the merits were never considered. The United States does not now argue that the taxpayer was not entitled to invoke his Fifth Amendment rights.[9] The taxpayer asserts that the district court erred in dismissing the action. We agree.

As a general matter, it may be true that a plaintiff, who initiates a civil action but refuses to present evidence, cannot then prevail on the merits with regard to those issues on which he bears the burden of proof. *See, e.g., Kisting v. Westchester Fire Insurance Co.,* 290 F.Supp. 141, 149 (W.D.Wis.1968), *aff'd,* 416 F.2d 967 (7th Cir.1969). However, the instant case is not a typical civil action. In addition, the taxpayer does not initiate the proceedings at all, but rather it is the IRS that, by imposing the assessments, takes the first legal step and it is the taxpayer who then responds by pursuing his administrative and judicial avenues for review of these assessments under § 7429. To conclude otherwise would mean, for example, that an individual—by engaging in illegal activity —"initiates" the subsequent proceedings that result in his conviction. Thus, we find unavailing the government's argument that the taxpayer initiated this § 7429 action and that he then, in essence, refused to prosecute by declining to answer questions.

---

denying attorney's fees to taxpayer in § 7429 action).

**9.** In fact, the appellee has elected to address the question of jurisdiction only, a risky litigation strategy especially in view of our decision in *United States v. Doyle,* 660 F.2d 277 (7th Cir. 1981).

Furthermore, under § 7429(g)(1), the IRS, not the taxpayer, bears the burden of proof on the reasonableness of the making of the assessments. The Service called as its first witness the taxpayer who (given the posture of this appeal) must be considered to have legitimately exercised his Fifth Amendment rights. The Service demonstrated below and represented to this court that it had other evidence that would tend to justify the imposition of the assessments. It should also be noted that (1) the IRS does not have to show that the information it relied upon in making the assessments would be admissible at a trial on the merits and (2) the government is not required to make its final case against the taxpayer, but only a preliminary showing of reasonableness. *See Marranca v. United States,* 587 F.Supp. 663, 666, 668 (M.D. Pa.1984); *see also Miller v. United States,* 615 F.Supp. 781, 785–87 (N.D. Ohio 1985). Thus, we find that the district court should not have dismissed the instant case, but instead should have required the government to rely on a source other than the taxpayer to make its case. *See United States v. Local 560,* 780 F.2d 267, 292–93 n. 32 (3d Cir.1985), *cert. denied,* ––– U.S. –––, 106 S.Ct. 2247, 90 L.Ed.2d 693 (1986); *Rogers v. Webster,* 776 F.2d 607 (6th Cir. 1985); *National Acceptance Co. v. Bathalter,* 705 F.2d 924 (7th Cir.1983); *United States v. Second National Bank,* 48 F.R.D. 268 (D.N.H.1969).

The dismissal is especially inappropriate in view of the fact that "most jeopardy assessments and termination assessments [have been] utilized against taxpayers allegedly engaged in illegal activities." S.Rep. No. 938 (Part 1), 94th Cong., 2d Sess. 362, *reprinted in* 1976 U.S.Code Cong. & Ad.News 3439, 3792. This state of affairs opens the door to gamesmanship on the part of the IRS, which, knowing (or at least suspecting) that the taxpayer will not testify on Fifth Amendment grounds, could simply call him as its first witness and then convert the taxpayer's silence into a certain and summary dismissal of the § 7429 action. The taxpayer, even though he is entitled not to testify and even though

the IRS has the burden of proof on the issue of the reasonableness of the making of the assessment, must then resort to the pre–1976 remedies that Congress has already found to be inadequate to protect his interests. The dismissal undermines the rights of the taxpayer under both the Fifth Amendment and § 7429, because it forces him either to exercise his constitutional rights or to lose the use of the property subject to the assessment when it is the Service that must show that the making of the assessment was reasonable. *Cf. National Acceptance Co.,* 705 F.2d at 926–32; *Second National Bank,* 48 F.R.D. at 270–71. The government has advanced no argument for such a sanction and we perceive none under the facts of this case.

We hold, therefore, that the district court erred in dismissing this § 7429 action. Of course, we express no opinion on the effect of the taxpayer's invocation of his Fifth Amendment rights either (1) *after* the IRS has presented its evidence regarding the reasonableness of the making of the assessment so that the taxpayer must then rebut the Service's evidence or (2) on those issues on which the taxpayer bears the burden of proof.

### III

For the reasons stated above, the motion of the United States to dismiss this appeal for lack of jurisdiction is DENIED and the order of the district court dismissing the action below is REVERSED. The case is REMANDED for further proceedings consistent with this opinion.

### APPENDIX

§ 6851. Termination assessments of income tax

(a) Authority for making.—

(1) In general.—If the Secretary finds that a taxpayer designs quickly to depart from the United States or to remove his property therefrom, or to conceal himself or his property therein, or to do any other act (including in the case of a corporation distributing all or a part of its

APPENDIX—Continued

assets in liquidation or otherwise) tending to prejudice or to render wholly or partially ineffectual proceedings to collect the income tax for the current or the immediately preceding taxable year unless such proceeding be brought without delay, the Secretary shall immediately make a determination of tax for the current taxable year or for the preceding taxable year, or both, as the case may be, and notwithstanding any other provision of law, such tax shall become immediately due and payable. The Secretary shall immediately assess the amount of the tax so determined (together with all interest, additional amounts, and additions to the tax provided by law) for the current taxable year or such preceding taxable year, or both, as the case may be, and shall cause notice of such determination and assessment to be given the taxpayer, together with a demand for immediate payment of such tax.

(2) Computation of tax.—In the case of a current taxable year, the Secretary shall determine the tax for the period beginning on the first day of such current taxable year and ending on the date of the determination under paragraph (1) as though such period were a taxable year of the taxpayer, and shall take into account any prior determination made under this subsection with respect to such current taxable year.

(3) Treatment of amounts collected.—Any amounts collected as a result of any assessments under this subsection shall, to the extent thereof, be treated as a payment of tax for such taxable year.

(4) This section inapplicable where section 6861 applies.—This section shall not authorize any assessment of tax for the preceding taxable year which is made after the due date of the taxpayer's return for such taxable year (determined with regard to any extensions).

(b) Notice of deficiency.—If an assessment of tax is made under the authority of subsection (a), the Secretary shall mail a notice under section 6212(a) for the taxpayer's full taxable year (determined without regard to any action taken under subsec-tion (a)) with respect to which such assessment was made within 60 days after the later of (i) the due date of the taxpayer's return for such taxable year (determined with regard to any extensions), or (ii) the date such taxpayer files such return. Such deficiency may be in an amount greater or less than the amount assessed under subsection (a).

(c) Citizens.—In the case of a citizen of the United States or of a possession of the United States about to depart from the United States, the Secretary or his delegate may, at his discretion, waive any or all of the requirements placed on the taxpayer by this section.

(d) Departure of alien.—Subject to such exceptions as may, by regulations, be prescribed by the Secretary or his delegate—

(1) No alien shall depart from the United States unless he first procures from the Secretary or his delegate a certificate that he has complied with all the obligations imposed upon him by the income tax laws.

(2) Payment of taxes shall not be enforced by any proceedings under the provisions of this section prior to the expiration of the time otherwise allowed for paying such taxes if, in the case of an alien about to depart from the United States, the Secretary or his delegate determines that the collection of the tax will not be jeopardized by the departure of the alien.

(e) Sections 6861(f) and (g) to apply.—The provisions of section 6861(f) (relating to collection of unpaid amounts) and 6861(g) (relating to abatement if jeopardy does not exist) shall apply with respect to any assessment made under subsection (a).

(f) Cross references.—

(1) For provisions permitting immediate levy in case of jeopardy, see section 6331(a).

(2) For provisions relating to the review of jeopardy, see section 7429.

§ 6861. Jeopardy assessments of income, estate, gift, and certain excise taxes

(a) Authority for making.—If the Secretary or his delegate believes that the as-

APPENDIX—Continued

sessment or collection of a deficiency, as defined in section 6211, will be jeopardized by delay, he shall, notwithstanding the provisions of section 6213(a), immediately assess such deficiency (together with all interest, additional amounts, and additions to the tax provided for by law), and notice and demand shall be made by the Secretary or his delegate for the payment thereof.

(b) Deficiency letters.—If the jeopardy assessment is made before any notice in respect of the tax to which the jeopardy assessment relates has been mailed under section 6212(a), then the Secretary or his delegate shall mail a notice under such subsection within 60 days after the making of the assessment.

(c) Amount assessable before decision of Tax Court.—The jeopardy assessment may be made in respect of a deficiency greater or less than that notice of which has been mailed to the taxpayer, despite the provisions of section 6212(c) prohibiting the determination of additional deficiencies, and whether or not the taxpayer has theretofore filed a petition with the Tax Court. The Secretary or his delegate may, at any time before the decision of the Tax Court is rendered, abate such assessment, or any unpaid portion thereof, to the extent that he believes the assessment to be excessive in amount. The Secretary or his delegate shall notify the Tax Court of the amount of such assessment, or abatement, if the petition is filed with the Tax Court before the making of the assessment or is subsequently filed, and the Tax Court shall have jurisdiction to redetermine the entire amount of the deficiency and of all amounts assessed at the same time in connection therewith.

(d) Amount assessable after decision of Tax Court.—If the jeopardy assessment is made after the decision of the Tax Court is rendered, such assessment may be made only in respect of the deficiency determined by the Tax Court in its decision.

(e) Expiration of right to assess.—A jeopardy assessment may not be made after the decision of the Tax Court has become final or after the taxpayer has filed a petition for review of the decision of the Tax Court.

(f) Collection of unpaid amounts.—When the petition has been filed with the Tax Court and when the amount which should have been assessed has been determined by a decision of the Tax Court which has become final, then any unpaid portion, the collection of which has been stayed by bond as provided in section 6863(b) shall be collected as part of the tax upon notice and demand from the Secretary or his delegate, and any remaining portion of the assessment shall be abated. If the amount already collected exceeds the amount determined as the amount which should have been assessed, such excess shall be credited or refunded to the taxpayer as provided in section 6402, without the filing of claim therefor. If the amount determined as the amount which should have been assessed is greater than the amount actually assessed, then the difference shall be assessed and shall be collected as part of the tax upon notice and demand from the Secretary or his delegate.

(g) Abatement if jeopardy does not exist. —The Secretary or his delegate may abate the jeopardy assessment if he finds that jeopardy does not exist. Such abatement may not be made after a decision of the Tax Court in respect of the deficiency has been rendered or, if no petition is filed with the Tax Court, after the expiration of the period for filing such petition. The period of limitation on the making of assessments and levy or a proceeding in court for collection, in respect of any deficiency, shall be determined as if the jeopardy assessment so abated had not been made, except that the running of such period shall in any event be suspended for the period from the date of such jeopardy assessment until the expiration of the 10th day after the day on which such jeopardy assessment is abated.

(h) Cross references.—

(1) For the effect of the furnishing of security for payment, see section 6863.

(2) For provision permitting immediate levy in case of jeopardy, see section 6331(a).

APPENDIX—Continued

§ 6862. Jeopardy assessment of taxes other than income, estate, gift, and certain excise taxes

(a) Immediate, assessment.—If the Secretary believes that the collection of any tax (other than income tax, estate tax, gift tax, and the excise taxes imposed by chapters 41, 42, 43, 44, and 45) under any provision of the internal revenue laws will be jeopardized by delay, he shall, whether or not the time otherwise prescribed by law for making return and paying such tax has expired, immediately assess such tax (together with all interest, additional amounts, and additions to the tax provided for by law). Such tax, additions to the tax, and interest shall thereupon become immediately due and payable, and immediate notice and demand shall be made by the Secretary for the payment thereof.

(b) Immediate levy.—

For provision permitting immediate levy in case of jeopardy, see section 6331(a).

§ 7429. Review of jeopardy assessment procedures

(a) Administrative review.—

(1) Information to taxpayer.—Within 5 days after the day on which an assessment is made under section 6851(a), 6861(a), or 6862, the Secretary shall provide the taxpayer with a written statement of the information upon which the Secretary relies in making such assessment.

(2) Request for review.—Within 30 days after the day on which the taxpayer is furnished the written statement described in paragraph (1), or within 30 days after the last day of the period within which such statement is required to be furnished, the taxpayer may request the Secretary to review the action taken.

(3) Redetermination by Secretary.—After a request for review is made under paragraph (2), the Secretary shall determine whether or not—

(A) the making of the assessment under section 6851, 6861, or 6862, as the case may be, is reasonable under the circumstances, and

(B) the amount so assessed or demanded as a result of the action taken under section 6851, 6861, or 6862 is appropriate under the circumstances.

(b) Judicial review.—

(1) Actions permitted.—Within 30 days after the earlier of—

(A) the day the Secretary notifies the taxpayer of his determination described in subsection (a)(3), or

(B) the 16th day after the request described in subsection (a)(2) was made,

the taxpayer may bring a civil action against the United States in a district court of the United States for a determination under this subsection.

(2) Determination by district court.—Within 20 days after an action is commenced under paragraph (1), the district court shall determine whether or not—

(A) the making of the assessment under section 6851, 6861, or 6862, as the case may be, is reasonable under the circumstances, and

(B) the amount so assessed or demanded as a result of the action taken under section 6851, 6861, or 6862, is appropriate under the circumstances.

If the court determines that proper service was not made on the United States within 5 days after the date of the commencement of the action, the running of the 20-day period set forth in the preceding sentence shall not begin before the day on which proper service was made on the United States.

(3) Order of district court.—If the court determines that the making of such assessment is unreasonable or that the amount assessed or demanded is inappropriate, the court may order the Secretary to abate such assessment, to redetermine (in whole or in part) the amount assessed or demanded, or to take such other action as the court finds appropriate.

(c) Extension of 20-day period where taxpayer so requests.—If the taxpayer requests an extension of the 20-day period

APPENDIX—Continued

set forth in subsection (b)(2) and establishes reasonable grounds why such extension should be granted, the district court may grant an extension of not more than 40 additional days.

(d) Computation of days.—For purposes of this section, Saturday, Sunday, or a legal holiday in the District of Columbia shall not be counted as the last day of any period.

(e) Venue.—A civil action under subsection (b) shall be commenced only in the judicial district described in section 1402(a)(1) or (2) of title 28, United States Code.

(f) Finality of determination.—Any determination made by a district court under this section shall be final and conclusive and shall not be reviewed by any other court.

(g) Burden of proof.—

(1) Reasonableness of termination of jeopardy assessment.—In an action under subsection (b) involving the issue of whether the making of an assessment under section 6851, 6861, or 6862 is reasonable under the circumstances, the burden of proof in respect to such issue shall be upon the Secretary.

(2) Reasonableness of amount of assessment.—In an action under subsection (b) involving the issue of whether an amount assessed or demanded as a result of action taken under section 6851, 6861, or 6862 is appropriate under the circumstances, the Secretary shall provide a written statement which contains any information with respect to which his determination of the amount assessed was based, but the burden of proof in respect of such issue shall be upon the taxpayer.