Michael HATFIELD

v.

UNITED STATES of America.

Civ. No. C–87–160–G.

United States District Court, N.D. Georgia, Gainesville Division.

Dec. 23, 1987.

James N. Butterworth, Cornelia, Ga., for petitioner.

Ann Reid, Asst. U.S. Atty., Washington, D.C., Nina Hickson, Asst. U.S. Atty., Atlanta, Ga., for the U.S.

## ORDER

O'KELLEY, Chief Judge.

This is an action for judicial review of the "termination assessment" of federal income tax made against the petitioner pursuant to 26 U.S.C. §§ 6851 and 7429. This action was commenced on November 6, 1987. Pursuant to § 7429(b)(2), a district court has twenty days from the date the action is commenced to make its determination. The taxpayer in this case, however, made a request for an extension, in which the government concurred. The court by order of November 23, 1987 granted the parties an additional forty day extension. On December 21, 1987, the court held a hearing in the above-styled case.

## FACTS

On August 24, 1987, the Secretary of the Treasury (Secretary) made a termination assessment of income tax owing by petitioner Michael A. Hatfield for the period of January 1, 1987 through August 24, 1987 in the amount of $139,065.00. By letter dated August 26, 1987, the District Director of the Internal Revenue Service in Atlanta, Georgia gave petitioner written notice of the termination assessment of income tax, informing him of the information upon which the Secretary relied in making such an assessment. 26 U.S.C. § 7429(a)(1). The letter further advised him of his rights of administrative and judicial review of the assessment.

The facts and circumstances upon which the Secretary relied to reach his conclusion that the petitioner was acting to place his property beyond the reach of the government are: (1) petitioner was arrested in the Bahamas on February 24, 1987 while transporting by airplane approximately 129 pounds of cocaine and 1,950 pounds of marijuana, petitioner is currently under indictment in Miami for charges stemming from that arrest. Petitioner is also under indictment for conspiracy to smuggle drugs in an Arizona court; (2) on August 19, 1987, petitioner transferred title in his interest in 99 acres of real property located in Jackson County to his wife, with a deed to secure debt to his attorney in the amount of $25,-000.00; (3) petitioner's wife, who had a power of attorney for petitioner, attempted to transfer title, from petitioner's name to hers, for several vehicles owned by petitioner, including a tractor trailer truck valued at approximately $75,000.00 and several personal vehicles; (4) although prior tax returns indicate that petitioner has minimal income—income insufficient for daily living expenses—petitioner recently posted $75,-000.00 as a cash bond; and (5) petitioner used aliases and false social security numbers.

## DISCUSSION

The statute which provides for termination assessments of income tax gives the Secretary of the Treasury authority to make such an assessment when "the Secretary finds that a taxpayer designs quickly to depart from the United States or to remove his property therefrom, or to conceal himself or his property therein, or to do any other act ... tending to prejudice or to render wholly or partially ineffectual proceedings to collect the income tax for the current or the immediately preceding taxable year...." 26 U.S.C. § 6851. Termination assessments, pursuant to 26 U.S.C. § 6851, allow the government to freeze the assets of a taxpayer until the existence and amount of tax liability is determined. *United States v. Doyle,* 660 F.2d 277, 280 (7th Cir.1981); *Vanerio v. I.R.S.,* 629 F.Supp. 1141, 1143 (E.D.N.Y.1986).

Due to the potential hardship such assessments might cause for the taxpayer, Congress provided for speedy judicial review. 26 U.S.C. § 7429. Section 7429 provides that "[w]ithin 20 days after the action is commenced, the district court shall determine whether or not (a) the making of the assessment under section 6851 ... is reasonable under the circumstances; and (b) the amount so assessed ... is appropriate under the circumstances." As was discussed above, the taxpayer in this action moved for and was granted an extension of forty days. 26 U.S.C. § 7429(c).

In actions for judicial review, the Secretary bears the burden of proving that the making of the assessment is reasonable

under the circumstances. If the Secretary meets that burden, then the taxpayer bears the burden of proving that the amount of tax assessed is unreasonable. 26 U.S.C. § 7429(g). If the court determines that the assessment was inappropriate or that the amount assessed is improper, the court may order abatement, redetermination of the assessment, or other such action as the court deems appropriate. 26 U.S.C. § 7429(b)(3).

■ The court will first determine whether an assessment was appropriate under the circumstances of this case. In considering the enactment of § 7429, Congress specifically authorized a set of standards to be used to determine when assessments such as this are appropriate. The standards state that such assessments are appropriate when:

(1) The taxpayer is or appears to be designing quickly to depart from the United States or to conceal himself;

(2) the taxpayer is or appears to be designing quickly to place his property beyond the reach of the government either by removing it from the United States, or by concealing it, or by transferring it to other persons, or by dissipating it; or

(3) the taxpayer's financial solvency appears to be imperiled.

Joint Committee on Taxation, General Explanation of Tax Reform Act of 1976, H.R. 10612, 94th Cong.2d Sess. 356 n. 1, 361 n. 7 (1976), U.S.Code Cong. & Admin.News 1976, pp. 2897, 3785, 3790. *See also, Bean v. United States*, 618 F.Supp. 652, 657 (N.D.Ga.1985).

The court finds that under the circumstances of this case, it was appropriate for the Secretary to find that the taxpayer was designing quickly to place his property beyond the reach of the government. Several factors are present in this case that courts have considered in making a determination that termination assessments are necessary. On August 19, 1987, the petitioner transferred title to his 99 acres of real property located in Jackson County to his wife, with a deed to secure debt to his attorney in the amount of $25,000.00. On that same day, the petitioner executed a power of attorney to his wife. Using that power of attorney, his wife, only two days later, attempted to transfer title of several vehicles from petitioner's name to hers.

The court also finds that it was reasonable for the Secretary to assume that the petitioner was deriving money through illegal means. The petitioner's tax returns for the last 6 years showed that petitioner reported minimal income. Yet, petitioner was recently able to post a substantial cash bond and there was testimony that petitioner carried a large roll of cash from which he conducted most of his purchases and transactions, even large ones. When this evidence is considered in light of his recent indictment for drug charges in both Florida and Arizona, there is a strong presumption of illegal activity. While illegal activity may not make a termination assessment essential, it is a factor that courts have considered in determining the reasonableness of an assessment. *E.g., Gaston v. United States*, 79–1 U.S.T.C. para. 9126 (N.D.Ga.1978) [available on WESTLAW, 1978 WL 1247].

The court further notes that there was evidence that the petitioner used aliases and false social security numbers. When the evidence of illegal activity and secretive measures taken by petitioner are considered together, this court finds that it was reasonable for the Secretary to find that the petitioner was trying to conceal both himself and his property from the Internal Revenue Service. Accordingly, the court finds that a termination assessment was proper in this case.

■ The next determination the court must make is whether the amount assessed was appropriate under the circumstances. The petitioner did not present any evidence that the amount assessed was unreasonable. In assessment cases, the amount assessed is considered to be appropriate absent evidence to the contrary. *Vanerio v. I.R.S.*, 629 F.Supp. 1141, 1144 (E.D.N.Y. 1986). For that reason, the court finds that the assessment of $139,065.00 is appropriate in this case.

For the reasons set forth above, the court denies the petitioner's request for an order abating the termination assessment of income tax. The court notes that this is not a final determination of the taxpayer's actual tax liability nor will this ruling have an effect on subsequent tax proceedings.