**Robert A. PALS and Arlene R. Pals,**
**Appellees/Cross–Appellants,**

v.

**UNITED STATES of America,**
**Appellant/Cross–Appellee.**

Nos. 88–1500, 88–1595.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 17, 1988.

Decided Feb. 17, 1989.

Donald G. Thompson, Cedar Rapids, Iowa, for appellant/cross-appellee.

Laura Conley O'Hanlon, Washington, D.C., for appellees/cross-appellants.

Before HEANEY * and BEAM, Circuit Judges, and STUART,** District Judge.

BEAM, Circuit Judge.

Robert and Arlene Pals appeal from the district court's decision to vacate its judgment in favor of the Pals. Because we lack jurisdiction over this appeal, we dismiss.

I. Background

On March 5, 1985, Robert and Arlene Pals' son, Richard, was stopped at the Minneapolis airport by airport security and state narcotics agents and questioned about the large amount of cash he was carrying with him in a shoe box. Richard told the agents that the money in the shoe box belonged to his father and that he was meeting a family friend, Ulf Mockel, at the airport in order to give Mockel the money. Richard claimed that the money was a loan from the Pals to Mockel to be invested in Mockel's business. After Mockel's plane arrived, Richard and the agents spoke with Mockel who repeated the story that Richard had given.

The agents released Mockel and Richard. Mockel boarded a plane for New York. The agents then informed the Internal Revenue Service of these events. The IRS unsuccessfully attempted to locate Robert to verify whether the money, in fact, be-

---

* The HONORABLE GERALD W. HEANEY assumed senior status on January 1, 1989.

** The HONORABLE WILLIAM C. STUART, Senior United States District Judge for the Southern District of Iowa, sitting by designation.

longed to him. Because the IRS was unable to locate Robert, they had Mockel stopped at the New York airport for questioning and seized the money. Before being released, Mockel signed an affidavit stating that he was not the owner of the currency and was not willing to identify the owner.

The IRS issued a jeopardy assessment against Robert Pals and Mockel, as possessors of the cash, pursuant to 26 U.S.C. §§ 6861 and 6867, in the amount of $38,500 and released the remaining $38,500 to Mockel. Mockel subsequently returned the $38,500 in his possession to the Pals.

On April 23, 1985, the Pals filed a complaint against the United States pursuant to 26 U.S.C. § 7429(b), seeking a determination of the reasonableness of the assessment. Following a hearing, the district court ordered that the assessment be abated. The Pals then sought to recover the costs of the litigation under 26 U.S.C. § 7430. The government responded with a motion for relief from judgment under Fed. R.Civ.P. 60(b)(3), stating that it had discovered new evidence which indicated that the Pals were not the owners of the money and asking that the original judgment be vacated. This new evidence was a sworn affidavit, signed by Arlene Pals, which was filed in connection with the Pals' divorce proceeding in October of 1984. The affidavit purported to list all of the assets of the Pals but did not include the $77,000 or any large amounts of cash. The district court granted the government's motion and held that the assessment was reasonable. This appeal followed.

## II. Discussion

Section 7429(f) states that "[a]ny determination made by a district court under this section shall be final and conclusive and shall not be reviewed by any other court." 26 U.S.C. § 7429(f). The purpose of section 7429 is to provide taxpayers with an expedited review of jeopardy assessments, rather than requiring taxpayers to endure the delays of a tax court proceeding or a district court refund action, if appropriate. H.R.Rep. No. 658, 94th Cong., 2d Sess. 303, *reprinted in* 1976 U.S.Code Cong. & Admin.News 2897, 3199; S.Rep. No. 938, 94th Cong., 2d Sess. 363–64, *reprinted in* 1976 U.S.Code Cong. & Admin. News 3439, 3792–93. Because of the summary nature of the proceeding, Congress did not intend for the taxpayer to seek review of the district court's determination. *See* .H.R.Rep. No. 658, *supra*, at 304, *reprinted in* 1976 U.S.Code Cong. & Admin. News at 3200.

The Pals urge us to accept jurisdiction in this case, claiming that they are seeking review of only the district court's decision pertaining to the government's Rule 60(b)(3) motion. Such a limited review, the Pals contend, would not involve a reassessment of the original judgment of the district court. We disagree. In order to review the court's ruling on the government's Rule 60(b)(3) motion, we would have to review the merits of the underlying district court determinations. We decline to do so because "[t]he clear intent of Congress was to preclude appeals from district court proceedings under § 7429. We will not frustrate that intent by a narrow reading of § 7429(f)." *Nichols v. United States*, 633 F.2d 829, 831 (9th Cir.1980) (citing *Vicknair v. United States*, 617 F.2d 1129, 1131 (5th Cir.1980)). As such, we conclude that we lack appellate jurisdiction over this appeal and, therefore, that it should be dismissed.

Our decision in this case does not preclude the Pals from seeking redress of their grievances. Depending upon the facts which are ultimately developed, they are entitled to ask for a refund of the taxes paid as a result of the jeopardy assessment by bringing an action in the district court or, perhaps, the Court of Claims. There may also be a measure of relief available through a Tax Court proceeding. The decision of the district court in reviewing the reasonableness of the jeopardy assessment "will have no affect upon the determination of the correct tax liability in a subsequent proceeding. The [section 7429] proceeding is unrelated substantively and procedurally to any subsequent action for refund brought in a federal district court to determine the correctness of the tax liability."

*Haskin v. United States,* 444 F.Supp. 299, 304 (C.D.Cal.1977) (citing S.Rep. No. 938, 94th Cong., 2d Sess. 365, *reprinted in* 1976 U.S.Code Cong. & Admin.News 3439, 3795). And, although other issues are raised by the parties, they need not be addressed because of our decision on the jurisdictional issue.

III.  Conclusion

For the foregoing reasons this appeal is dismissed.