968 F.2d 20
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Buel H. NEECE; Peggy J. Neece, Plaintiffs-Appellees,
v.
UNITED STATES of America, Defendant-Appellant.
 No. 88-2763.
 United States Court of Appeals, Tenth Circuit.
 May 28, 1992.
 
 Before HOLLOWAY, SETH and BARRETT, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 PER CURIAM
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 3
 In June, 1988, the Internal Revenue Service (IRS) issued a notice of jeopardy assessment against plaintiffs. After exhausting their administrative remedies, plaintiffs sought judicial review of the jeopardy assessment. The district court held the jeopardy assessment was unreasonable and ordered the assessment abated. Defendant appeals. Plaintiffs filed a motion to dismiss this appeal for lack of appellate jurisdiction.
 
 
 4
 26 U.S.C. § 7429, which provides for the administrative and judicial review of the imposition of jeopardy assessments, states that "[a]ny determination made by a district court under this section shall be final and conclusive and shall not be reviewed by any other court." 26 U.S.C. § 7429(f). Plaintiffs assert § 7429(f) precludes appellate review of the district court's order abating the jeopardy assessment. Defendant argues this court has appellate jurisdiction because the district court acted outside its jurisdiction in reviewing this action, which was untimely commenced. The circuits are split as to what authority, if any, an appellate court has to review a district court's decision made pursuant to § 7429. Compare, e.g., Zuluaga v. United States, 774 F.2d 1487, 1489 (9th Cir.1985) (clear language and legislative intent of § 7429 precludes appellate review) with, e.g., Hiley v. United States, 807 F.2d 623, 626-28 (7th Cir.1986) (appellate court has authority to review district court's decision under § 7429 for the limited purpose of determining whether the district court acted within the scope of its authority).
 
 
 5
 In 1976, Congress, recognizing the potential hardship the imposition of a jeopardy assessment prior to the determination of tax liability might have on a taxpayer, enacted § 7429 in order to provide expedited, but limited, judicial review of the imposition of a jeopardy assessment. See, e.g., Pals v. United States, 867 F.2d 1162, 1163 (8th Cir.1989); Zuluaga, 774 F.2d at 1489. Section 7429(b)(2) authorizes a district court to review the imposition of a jeopardy assessment to determine whether the assessment was reasonable and the amount of the assessment was appropriate. Section 7429(f) precludes any further review of a district court's determinations made under § 7429. Therefore, § 7429 specifically precludes review of any district court decision concerning the reasonableness of a jeopardy assessment or the amount of that assessment. See Hiley, 807 F.2d at 628; Hall v. Commissioner, 805 F.2d 1511, 1513 (11th Cir.1986). Because the district court's order at issue in this appeal addressed the reasonableness of the jeopardy assessment, § 7429(f) precludes our review of the order. See Hiley, 807 F.2d at 628; Hall, 805 F.2d at 1513.
 
 
 6
 The appeal from the judgment of the United States District Court for the Northern District of Oklahoma is, therefore, DISMISSED. Plaintiffs' request for attorney's fees and costs on appeal is DENIED.
 
 
 7
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3