**Linda Marie NICHOLS,
Plaintiff/Appellant,**

v.

**UNITED STATES of America,
Defendant/Appellee.**

**Nos. 78–3395, 78–3396.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 9, 1980.
Decided Dec. 4, 1980.

David M. Blicker, Blackmon, Wasserman & Blicker, Sacramento, Cal., Robert O. Davis, Atlanta, Ga., on briefs, for plaintiff/appellant.

Philip I. Brennan, Tax Div., Dept. of Justice, Washington, D.C., on briefs, for defendant/appellee.

Before TRASK and GOODWIN, Circuit Judges, and WATERS,* District Judge.

WATERS, District Judge:

On January 18, 1978, the Internal Revenue Service made a termination assessment pursuant to 26 U.S.C. § 6851 against appellant, Linda Marie Nichols. The termination assessment was for the 1977 tax year and totaled $177,484.80. The assessment was satisfied from funds that had been seized by the Federal Drug Enforcement Agency in July of 1977.

Appellant requested administrative review of the assessment pursuant to 26 U.S.C. § 7429(a)(2). Since the administrative process was not resolved, appellant filed a complaint in the district court pursuant to 26 U.S.C. § 7429(b). The district court found that the making of the assessment was reasonable, but reduced the amount assessed by $21,000. Appellant noticed an appeal from a Statement of Intended Decision and also noticed an appeal from the Judgment Order. Both appeals raise the same issues and have been consolidated herein.

Appellant claims that the district court erred in several respects. She claims that 26 U.S.C. § 7429, as applied to the facts of this case, is unconstitutional because it does not fully protect her rights to due process, that the district court erred in admitting appellee's affidavits into evidence, that the district court erred by determining that the making of the termination assessment was reasonable and by determining that appellee met its burden of proof in that regard, and that the district court erred in determining that the amount assessed, as reduced, was appropriate. We do not reach these issues because we have determined that this Court lacks jurisdiction to entertain these appeals. We, therefore, dismiss the appeals.

Section 7429 provides for summary review of termination and jeopardy assessments. Under § 7429, a taxpayer is entitled to prompt administrative review by the Internal Revenue Service and judicial review by the district court. Prior to the enactment of § 7429, taxpayers subjected to termination or jeopardy assessments were not provided with an avenue for speedy judicial review. See S.Rep.No. 94–938 (Part I), 94th Cong. 2d Sess. 363, reprinted in [1976] U.S.Code Cong. & Ad.News, pp. 2897, 3439, 3792–93. Section 7429 was added to the Internal Revenue Code by the Tax Reform Act of 1976 to alleviate the hardship that could be occasioned by a delay in review.

Section 7429(f) provides:

"Any determination made by a district court under this section shall be final and conclusive and shall not be reviewed by any other Court."

The statutory language is clear; jurisdiction for these appeals is precluded by § 7429(f). *Vicknair v. United States*, 617 F.2d 1129 (5th Cir. 1980).

Appellant contends that jurisdiction in this Court over the constitutional and evidentiary determinations by the district court is not precluded by § 7429(f) because the constitutional and evidentiary determi-

---

* The Honorable Laughlin E. Waters, United States District Judge for the Central District of California, sitting by designation.

nations can be considered to be determinations which are not made under § 7429. Appellant urges a narrow reading of § 7429(f): A narrow reading which would preclude appeals only from district court determinations as to the reasonableness of the making of the termination assessment and the appropriateness of the amount assessed.[1] We do not adopt that view.

The clear intent of Congress was to preclude appeals from district court proceedings under § 7429. *See Vicknair v. United States, supra*, at 1131. We will not frustrate that intent by a narrow reading of § 7429(f). The constitutional and evidentiary determinations by the district court are necessarily determinations made under § 7429. Therefore, we hold that review of the determinations below is precluded by § 7429. These appeals are, therefore, DISMISSED.

---

1. 26 U.S.C. § 7429(b) provides:
   "*Determination by the District Court*–
   Within 20 days after an action is commenced . . . , the district court shall determine whether or not–
   (A) the making of the assessment under Section 6851, 6861, or 6862, as the case may be, is reasonable under the circumstances, and
   (B) the amount so assessed or demanded as a result of the action taken under section 6851, 6861, or 6862, is appropriate under the circumstances."