**Joel David ROBRISH, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 83–2697–K.**

United States District Court, D. Massachusetts.

Oct. 21, 1983.

Frank Mondano, Law Offices of Joseph J. Balliro, Joseph J. Balliro, Boston, Mass., for plaintiff.

Jeffrey R. Martin, Asst. U.S. Atty., Boston, Mass., for defendant; Thomas Jones, Tax Div., Dept. of Justice, Washington, D.C., of counsel.

MEMORANDUM

KEETON, District Judge.

This action is before the court on defendant United States' motion for summary judgment. Plaintiff seeks judicial review of a termination assessment of income tax.

On July 26, 1983, government agents seized $137,500 from plaintiff at Logan Airport. Plaintiff, an attorney, maintains that the money belongs to his client, whose identity he declines to reveal. On July 29, defendant notified plaintiff of a termination assessment of income tax. Defendant retained one half of the seized funds as tax owed by the unidentified owner of the cash, and returned the remainder to plaintiff.

Plaintiff requested the Internal Revenue Service to review the termination assessment. The Service maintained that only the owner of the cash was entitled to administrative review of the assessment. Plaintiff subsequently brought this action for judicial review.

The termination assessment provisions of the Internal Revenue Code authorize summary procedures for calculation and collection of income tax not yet due, if the Secretary reasonably believes that tax collection will be jeopardized by delay. 26 U.S.C. § 6851(a). A taxpayer is entitled to prompt administrative and *de novo* judicial review of the reasonableness and amount of the termination assessment. 26 U.S.C. § 7429. The threshold question presented here is whether someone who had physical possession of cash, which was retained by the government to satisfy a termination assessment against its unidentified owner, may obtain review of that assessment. I conclude that only the person against whom the assessment is made—that is, the unidentified owner of the cash—may prosecute an action for administrative and judicial review.

Where, as here, the owner of over $10,-000 cash is unidentified, a statutory presumption arises that the cash represents the annual gross income of a single individual in the 50% tax bracket, and that income tax collection will be jeopardized by delay. 26 U.S.C. § 6867(a). The possessor of the cash is treated as the taxpayer for purposes of 26 U.S.C. chapters 63 and 64,[1] and § 7429(a)(1). 26 U.S.C. § 6867(b)(3).

Section 7429 sets forth the procedure for obtaining, and the standards governing, review of termination assessments. Subsection (a)(1) requires the Secretary to provide the taxpayer with the information upon which the termination assessment was based. Subsection (a)(2) sets forth the mechanics of requesting an administrative review, and subsection (a)(3) deals with redetermination by the Secretary of the reasonableness and amount of the assessment. Section 7429(b) provides for *de novo* judicial review of the termination assessment upon timely request of the taxpayer.

Plaintiff argues despite the plain language of § 6867 that the possessor of cash be treated as taxpayer for the purposes of the notice provision in § 7429(a)(1) only, this interpretation of § 6867 would produce a result "plainly at variance with the policy of the legislation as a whole." Docket No. 3 at 3. Plaintiff contends that the legislative history of this statute reveals congressional intent to vest the right to contest a termination assessment in the person found possessing the cash. Finally, plaintiff reasons that as a matter of statutory construction, the word "taxpayer" should be given the same meaning throughout § 7429. If the possessor stands in the taxpayer's shoes for the purposes of the notice requirement in subsection (a)(1), plaintiff argues, he should retain this status for the purposes of obtaining administrative and judicial review under subsections (a)(2) and (b).

I conclude that plaintiff lacks standing to maintain this action on his own behalf. The express language of 26 U.S.C. § 6867, providing that the possessor be treated as taxpayer for notice purposes only, is consistent with the overall statutory scheme. Where, as here, the taxpayer is unidentified, notice to the possessor of the cash is the most promising way of informing the owner of the cash of the assessment. The actual taxpayer may then come forward and challenge the assessment. Permitting an individual who denies ownership of the cash to challenge the assessment would nullify the presumptions set forth in § 6867 concerning the unidentified taxpayer's liability and intent to pay.

Plaintiff notes that the House Conference Report on the termination assessment provisions stated that "[n]otice with respect to the assessment is given to, and the right to contest the assessment is vested in the person found in possession of the cash." H.R.Conf.Rep. No. 760, 97th Cong., 2d Sess., *reprinted in* [1982] U.S.Code Cong. & Ad.News 781, 1355.

In the instant case, the unambiguous language of § 6867 obviates the need to resort to the legislative history as an aid to construction. Moreover, the interpretation of § 6867 in the House Conference Report does not conform with the text of the statute nor with subsequent legislative explanation of this provision. A report prepared by the staff of the Joint Committee on Taxation immediately after the enactment of § 6867 explained:

> Notice with respect to the assessment must be given to the person found in possession of the cash. However, since that person denies ownership of the cash, he may not prosecute any action with respect to the cash. Staff of Joint Comm. on Taxation, 97th Cong., 2d Sess., General Explanation of the Revenue Pro-

---

**1.** Chapters 63 and 64 govern the mechanics of tax assessment and collection. Neither party maintains these provisions are relevant to the case at bar.

visions of the Tax Equity and Fiscal Responsibility Act of 1982, at 230 (Comm. Print Dec. 31, 1982).

Therefore, I conclude that plaintiff cannot maintain this action for review of a termination assessment. Only the actual owner of cash can challenge an assessment involving that cash. Plaintiff does not have standing to prosecute this action as a representative of his unidentified client. Participation of the actual owner of the cash is indispensable to proper resolution of this case, because "both the fact and extent of injury ... require individualized proof." *Warth v. Seldin,* 422 U.S. 490, 515–16, 95 S.Ct. 2197, 2213–2214, 45 L.Ed.2d 343 (1975).