Carlos ZULUAGA, Plaintiff-Appellant.

v.

UNITED STATES of America, Defendant-Appellee.

No. 84–6200.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 3, 1985.

Decided Oct. 29, 1985.

Janet Sherman, Santa Monica, Cal., for plaintiff-appellant.

David Pincus, William A. Whitledge, Dept. of Justice, Washington, D.C., for defendant-appellee.

Before WALLACE, TANG and WIGGINS, Circuit Judges.

TANG, Circuit Judge.

Carlos Zuluaga appeals from the district court's dismissal of his action challenging a termination assessment issued against him by the Internal Revenue Service. Because we lack jurisdiction over this appeal, we dismiss.

In April 1984, IRS investigators seized more than $200,000 from the trunk of Zuluaga's automobile as part of an investigation of the appellant for alleged laundering of proceeds from narcotics trafficking. After discovering that Zuluaga had not filed a tax return in two years, the IRS issued a termination assessment of $340,773 pursuant to 26 U.S.C. § 6851.

On May 4, 1984, the appellant filed a protest with the IRS, seeking a redetermination of the reasonableness of the assessment and the propriety of the amount assessed. After this administrative challenge proved unsuccessful, Zuluaga sought relief in the district court under 26 U.S.C. § 7429 which authorizes district court review to determine whether the assessment is reasonable under the circumstances and whether the amount assessed is appropriate under the circumstances. § 7429(b)(2).[1] The appellant also sought a return of the currency seized from his automobile pursuant to Fed.R.Crim.P. 41(e).

On June 22, 1984, the IRS gave notice that it would depose Zuluaga on June 29. After the parties stipulated to a 40-day extension of time for the district court's decision, the IRS noticed Zuluaga's deposition for July 19. On July 17, Zuluaga moved for a protective order which was denied by the magistrate on July 19. Zuluaga failed to appear for the deposition and the IRS moved to dismiss the case pursuant to Fed.R.Civ.P. 37(d). Zuluaga then moved for reconsideration of the denial of his motion for a protective order. After hearings were held on the motion July 23, the district court denied the motion as well as Zuluaga's Rule 41(e) motion for return of property. The court concluded that the motion for return of property was outside the statutory scope of a section 7429 proceeding. The court was willing to give Zuluaga until July 27 to appear for a deposition. When Zuluaga's counsel informed the court that Zuluaga would not appear on that date, the court uncondition-

---

1. § 7429(b)(2) provides:

Determination by district court. Within 20 days after an action is commenced under paragraph (1), the district court shall determine whether or not—

(A) the making of the assessment under section 6851, 6861, or 6862, as the case may be, is reasonable under the circumstances, and

(B) the amount so assessed or demanded as a result of the action taken under section 6851, 6861, or 6862, is appropriate under the circumstances.

ally dismissed the action. This appeal followed.

We conclude that we lack appellate jurisdiction over this appeal and therefore order it dismissed.

Under 26 U.S.C. § 7429(f), "[a]ny determination made by a district court under this section shall be final and conclusive and shall not be reviewed by any other court." The clear import of this language is that a district court's determination in a section 7429 proceeding is final and no review of that proceeding may be brought to this court. See *Vicknair v. United States*, 617 F.2d 1129, 1131 (5th Cir.1980). Indeed, this court has expressly extended the general rule of nonreviewability to decisions made in a section 7429 proceeding outside the precise confines of section 7429(b). *Nichols v. United States*, 633 F.2d 829, 831 (9th Cir.1980) (due process claim and evidentiary challenge nonreviewable).

This reading of the statute is consistent with the legislative intent behind the passage of section 7429. The statute was enacted as part of the Tax Reform Act of 1976 to provide expedited administrative and district court review of jeopardy assessments. Congress was concerned with the hardship resulting from lengthy delays in a taxpayer's effort to obtain judicial review of assessments through an ordinary refund action in the district court or court of claims. H.R.Rep. No. 658, 94th Cong., 2d Sess. 303, *reprinted in* 1976 U.S.Code Cong. & Ad.News 2897, 3199; S.Rep. No. 938, 94th Cong., 2d Sess. 363, *reprinted in* 1976 U.S.Code Cong. & Ad.News 3439, 3792. Consequently, an expedited procedure for review of jeopardy assessments was provided in section 7429. After administrative review of the jeopardy assessment, the taxpayer may seek district court review within 30 days of the administrative determination or within 46 days of the taxpayer's request for administrative review (whichever is earlier). § 7429(b)(1). The district court is required to act within 20 days unless the taxpayer requests an extension and reasonable grounds exist for that request. § 7429(c). The action "may not be extended at the request of the Treasury Department or the court. It is fur-

ther provided that a determination by the district court may not be appealed to or reviewed by any other court." S.Rep. No. 938 *supra*, at 365, *reprinted in* U.S.Code Cong. & Ad.News at 3794; *see* 26 U.S.C. § 7429(c), (f).

Although a dismissal under Fed.R.Civ.P. 37(d) is not strictly within the explicit items of district court review described in § 7429(b), the language of § 7429(f) and the legislative history from which the statute emerged suggest that such a disposition is not reviewable in this court. Since a Rule 37(d) dismissal is a dismissal on the merits, *see* Fed.R.Civ.P. 41(b), to allow an appeal from a section 7429 action would frustrate Congress' intent to provide a limited and expedited review of jeopardy assessments without delay. "The clear intent of Congress was to preclude appeals from district court proceedings under § 7429. We will not frustrate that intent by a narrow reading of § 7429(f)." *Nichols*, 633 F.2d at 831 (citation omitted).

The appeal is DISMISSED for lack of appellate jurisdiction.

WIGGINS, Circuit Judge, concurring:

I write separately because I believe that this court may exercise jurisdiction over an appeal from section 7429 proceedings in which the district court terminates the proceedings on procedural grounds without reaching the reasonableness of the assessment at issue and the appropriateness of its amount. Exercising the jurisdiction that I believe we possess, I conclude that the district court did not abuse its discretion by dismissing the proceedings below. Accordingly, I concur in the court's judgment.

The right to judicial review is too important to be excluded on the basis of ambiguous evidence of legislative intent to preclude review. *Abbott Laboratories v. Gardner*, 387 U.S. 136, 141, 87 S.Ct. 1507, 1511, 18 L.Ed.2d 681 (1967). Thus, courts will presume that judicial review is available unless there is "clear and convincing evidence" that Congress intended to preclude review. *Id. See also Lindahl v.*

*Office of Personnel Management,* —— U.S. ——, 105 S.Ct. 1620, 1627–28, 1627 n. 13, 84 L.Ed.2d 674 (1985). There is no such evidence that Congress intended to preclude review of procedural orders entered in section 7429 proceedings that were disposed of other than by determinations on the merits.

Section 7429(f) provides that "[a]ny determination made by a district court under this section shall be final and conclusive and shall not be reviewed by any other court." A threshold question presented in this appeal is whether section 7429(f) clearly manifests congressional intent that taxpayers will be precluded from seeking appellate review of *all* determinations made in the course of a proceeding to ascertain the reasonableness of a termination assessment and appropriateness of its amount. I think that the language of section 7429 supplies the answer to this question. Section 7429(b)(2) provides that "the district court shall determine" whether the assessment is reasonable and the amount of the assessment is appropriate. Section 7429 specifically provides for no other "determination." Thus, I believe that the "determination" that we may not review is the determination of the reasonableness of the assessment and the appropriateness of its amount. This statutory language therefore does not bar review of a district court "determination" to dismiss the entire proceeding as a sanction against the taxpayer because of his or her failure to appear for a deposition.

No opinion of this court suggests that "determination" should include orders disposing of section 7429 proceedings on procedural grounds rather than on the merits. Only one opinion discusses the broad question of appellate jurisdiction in section 7429 cases, and that opinion does not decide the issue presented here. In *Nichols v. United States,* 633 F.2d 829 (9th Cir.1980), this court dismissed for lack of jurisdiction an appeal from procedural orders and a ruling on the merits in a section 7429 proceeding, as well as a constitutional challenge to section 7429. Because the *Nichols* court had made determinations on the merits *and* procedural rulings, *Nichols* is not dispositive of the issue presented here. *Nichols*

therefore does not preclude the court from reviewing orders entered in section 7429 proceedings in which the district court has not actually made a determination of the reasonableness and amount of the assessment.

In addition, the Eleventh Circuit has recently held that it has jurisdiction over appeals from section 7429 proceedings if they are "based on procedural error—i.e., that the district court acted outside its authority, rather than acting erroneously within its authority." *Schuster v. United States,* 765 F.2d 1047, 1049 (11th Cir.1985). In *Schuster,* the district court had dismissed the taxpayer's section 7429 proceedings without ruling on the merits because the taxpayer was a fugitive from justice, pursuant to *Molinaro v. New Jersey,* 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970). The court asserted jurisdiction over the appeal from the order of dismissal, relying on a line of Eleventh Circuit cases. The primary authority on which it relied is *Meadows v. United States,* 665 F.2d 1009 (11th Cir.1982).

In *Meadows,* the Eleventh Circuit held that it lacked jurisdiction over an appeal from a district court order determining the reasonableness of an assessment and the appropriateness of its amount. The district court had entered the order after the 20-day limit for section 7429 proceedings had lapsed. The court relied on the analysis employed in *Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976), where the Supreme Court held that 28 U.S.C. § 1447(d) did not preclude judicial review of an order remanding to state court a case that had been removed to district court. The Court reasoned that statutory nonreviewability provisions permit appellate review when a district court has acted outside its authority, but preclude review when a court has merely exceeded its authority. Applying the *Thermtron* reasoning to the facts before it, the *Meadows* court determined that the district court's entry of its decision more than 20 days after the petition was filed was in excess of, rather than outside, its authority. 665 F.2d at 1012. *See also*

United States v. Doyle, 660 F.2d 277, 280 (7th Cir.1981) (reaching same result in appeal from decision entered after 20 days on the basis of different reasoning; court held that taxpayer could not raise 20-day limit on appeal unless it had raised it in district court).

The *Schuster* court also cited other Eleventh Circuit cases in which the court had exercised jurisdiction over appeals from section 7429 proceedings. *Williams v. United States*, 704 F.2d 1222, 1226 (11th Cir.1983) (dismissal for improper venue); *Fernandez v. United States*, 704 F.2d 592, 593 (11th Cir.), *cert. denied*, — U.S. —, 104 S.Ct. 165, 78 L.Ed.2d 150 (1983) (dismissal as untimely filed). In addition, it cited a case in which the Third Circuit dismissed for lack of jurisdiction an appeal from the denial of attorney fees in a section 7429 proceeding. *Randazzo v. United States*, 751 F.2d 145, 145–46 (3d Cir.1984). There appears to be no case, however, in which a court of appeals has determined that it lacked jurisdiction over an appeal from a procedural order entered in a section 7429 proceeding in which the district court did not rule on the merits, *i.e.*, the reasonableness of the assessment and the appropriateness of the amount of the assessment.

Review of such procedural orders is entirely consistent with Congress's intent. Congress's primary reason for enacting section 7429 was to benefit taxpayers, who had previously been forced to endure lengthy delays before obtaining judicial review of termination assessments. H.Rep. No. 658, 94th Cong., 2d Sess. 16, 302–03 (1976), *reprinted in* 1976 U.S.Code Cong. & Ad.News 3197–99. *See also* S.Rep. No. 938, 94th Cong., 2d Sess. 364–66 (1976), *reprinted in* 1976 U.S.Code Cong. & Ad. News 3792–96. I find no indication that Congress intended to permit district courts to deprive taxpayers of a prompt post-deprivation remedy with impunity, by dismissing section 7429 proceedings on procedural grounds in unreviewable orders.

In short, I find no "clear and convincing evidence" that Congress intended to preclude review of such orders, in the ambiguous language of section 7429(f), in this circuit's opinions, or in the legislative history. Moreover, I find support for our exercise of jurisdiction over such orders in the Eleventh Circuit's opinions. Nonetheless, because the district court did not abuse its discretion in dismissing this action for Zuluaga's failure to comply with discovery, I affirm the judgment of dismissal.