**Carl N. LAVNIKEVICH, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 88–1146–H.**

United States District Court, D. Massachusetts.

June 14, 1988.

---

Joseph G. Spinale, Jr., Law Offices of James M. Merberg, Boston, Mass., for plaintiff.

M. Ellen Carpenter, Asst. U.S. Atty., Boston, Mass., Thomas R. Jones, Atty., Tax Div., Washington, D.C., for defendant.

## MEMORANDUM· AND ORDER

HARRINGTON, District Judge.

*Procedure*

This case comes before the Court as a suit arising under the laws of the Internal Revenue Code, 26 U.S.C. §§ 6851, 6867 and 7429. The plaintiff, Carl N. Lavnikevich, seeks this Court's review of a tax assessment in the amount of $75,282 in cash by the Internal Revenue Service ("I.R.S."). Plaintiff claims this tax was erroneously and illegally assessed against and collected from him. Jurisdiction is asserted by plaintiff pursuant to Title 28, § 1346(a)(1) of the U.S. Code.

*Facts*

On January 26, 1988 at approximately 10:35 A.M., the plaintiff was driving a rented automobile westbound on Interstate 70 in Montgomery County, Missouri. A state trooper, Officer Martin E. Chitwood, of the Missouri State Police, stopped plaintiff for alleged motor vehicle violations. He obtained plaintiff's consent to search his vehicle and found in the trunk, a duffel bag which contained $149,980 in cash and several hundred dollars in cash on the plaintiff's person. A small amount of marijuana was later found in the vehicle.

The trooper, in his affidavit and through testimony at the hearing, stated that plaintiff never claimed ownership of the money in the duffel bag. The trooper further testified that the plaintiff denied ownership of the money.

The plaintiff denied the trooper's allegations, both in the Complaint, and in testimony at the hearing. The plaintiff's testimony was that he never denied ownership of the money, but was silent when the trooper asked him who owned the cash. Furthermore, in the plaintiff's protest to the I.R.S., he denied the allegations of the trooper but stopped short of actually claiming ownership of the money.

The State of Missouri notified the I.R.S. of the incident and the Service levied a termination assessment against the money. Plaintiff subsequently brought this action.

*Discussion*

The termination assessment at issue was made pursuant to 26 U.S.C. § 6851(a), which authorizes the I.R.S. to make such assessments of income tax when circumstances exist which would make the collection of the tax doubtful, if less drastic measures were used. In this case, the I.R.S., in its Notice [1] to plaintiff, stated that it instituted such a procedure because the plaintiff, who was found in physical possession of $149,780 in cash, did not claim ownership of said cash; nor did plaintiff claim said cash as belonging to another person whose identity the Secretary could readily ascertain and who would acknowledge ownership of said cash. Such circumstances are governed by § 6867, *Presumptions Where Owner of Large Amount of Cash is Not Identified.* This section states a presumption exists that such cash represents gross income of a single individual for the taxable year in which the possession occurs, and that *the collection of tax will be jeopardized by delay.* (emphasis added).

In a proceeding under § 7429(b), the I.R.S. bears the burden of demonstrating that the imposition of the assessment is reasonable under the circumstances of a particular case. *Hirschhorn v. United States*, 662 F.Supp. 887, 890 (S.D.N.Y. 1987). If the I.R.S. meets this burden, the burden shifts to the taxpayer to demonstrate that the amount of the tax assessed is not appropriate. *Id.*

■ The court's task under § 7429(g) is limited to evaluating the reasonableness of the I.R.S. assessment. The taxpayer's ultimate tax liability is not at issue. *Id.* The standard of review is broader than "arbitrary and capricious," but less sweeping than "supported by substantial evidence." *Id.* (other citations omitted). An

evidentiary hearing is not required under § 7429. *Hecht v. United States*, 609 F.Supp. 264 (S.D.N.Y.1985). The courts' decisions on these issues are final and unappealable. *Guerra v. United States*, 645 F.Supp. 775, 781 (C.D.Cal.1986) (citing *Nichols v. United States*, 633 F.2d 829, 830–31 (9th Cir.1980)).

The Government asserts that the plaintiff's failure to claim ownership of the money made it reasonable for the I.R.S. to proceed on the presumption that the money belonged to an unknown person. Also, according to the Government, a second consequence of plaintiff's failure to claim the money is that he has no standing to bring an action for recovery under § 7924. The Government relies on *Robrish v. United States* in support of this proposition. 579 F.Supp. 477 (D.Mass.1983). In that case Judge Keeton ruled that only the person against whom the assessment is made, i.e., the unidentified owner of cash, may prosecute an action for administrative and judicial review. *Id.*

The plaintiff's position is that he never denied ownership of the money and, therefore, is a taxpayer for purposes of § 7429, entitled to administrative and judicial review. As such, he contends that the Government wrongfully assessed his money, issued him a defective notice, and denied him proper administrative review. Based on these factors, plaintiff claims that he is entitled to a ruling that the I.R.S. acted unreasonably.

■ Although not required to do so, the court provided the plaintiff with ample opportunity to present as complete and exhaustive a review as he desired. After listening to testimony from the plaintiff, the state trooper, a tax official, and arguments by both counsel, I rule that the I.R.S. acted reasonably. The Court carefully considered the testimony under direct and cross examination of the two chief witnesses. After review of all available

---

**1.** The current Code requires the I.R.S. to follow certain procedures upon making a termination assessment, including a "written statement of the information upon which the Secretary relies in making such assessment." 26 U.S.C. § 7429(a)(1). If the owner of the money is unknown, the possessor of the cash is treated as the taxpayer, for purposes of notice only. *Robrish v. United States*, 579 F.Supp. 477, 478 (D.Mass.1983).

evidence, I conclude that the plaintiff's rendition of events surrounding this incident is not credible. I believe the trooper who testified that the plaintiff denied ownership of the money. On this basis, it was reasonable for the I.R.S. to proceed under §§ 6851 and 6867, relating to termination assessments against cash belonging to unknown owners.

■ Finding that the I.R.S. was reasonable in proceeding under § 6867, the notice by the I.R.S. regarding termination was sufficient. Although it would have been preferable for the I.R.S. to state clearly in the Notice that money belonging to an unknown person justifies a termination procedure because of the presumption of jeopardy, rather than citing the number of a code section, this notice meets minimal requirements. Secondly, relying on *Robrish*, which holds that the possessor of cash has no right to bring a § 7924 suit to recover the assessment, I rule that the I.R.S. was reasonable in concluding that plaintiff has no standing to bring an action for administrative or judicial review, except as to the question of proper notice.