916 F.2d 556
 66 A.F.T.R.2d 90-5692, 90-2 USTC P 50,529
 STEBCO INCORPORATED, a California corporation; Rafael
Carrillo Barron, an individual; Norma Fregoso Carrillo, an
individual; Construcciones Industries Otay, S.A. De C.V., a
Mexican corporation; Edificaciones Industriales Omar, S.A.
De C.V., a Mexican corporation; Agregados Tijuana, S.A. De
C.V., a Mexican corporation; Ferreteria El Clavo, S.A. De
C.V., a Mexican corporation, Plaintiffs-Appellees,
v.
UNITED STATES of America, Defendant-Appellant.
 No. 90-55780.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Sept. 28, 1990.*
Decided Oct. 11, 1990.
 
 Shirley D. Peterson, Gary R. Allen, David English Carmack, Murray S. Horwitz, Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant-appellant.
 Richard A. Shaw and Charles W. Becker, Shenas, Shaw & Spievak, San Diego, Cal., for plaintiffs-appellees.
 Appeal from the United States District Court for the Southern District of California.
 Before ALARCON, POOLE and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Taxpayers Rafael Carrillo-Barron and Norma Fregoso Carrillo ("the Carrillos") bring this motion to dismiss the government's appeal from the district court's order, 733 F.Supp. 1387, denying the government's motion to dismiss for lack of venue. Taxpayers also request sanctions. The motion to dismiss is granted, and the request for sanctions is denied.
 
 
 2
 This case arises out of jeopardy assessments made against the Carrillos by the IRS pursuant to 26 U.S.C. Sec. 6861,[1] which permits the IRS to assess and collect a tax deficiency immediately if the IRS believes delay will jeopardize the desired assessment and collection. The Carrillos challenged the propriety of the assessments in the district court pursuant to the procedure set out in section 7429.
 
 
 3
 At the time they filed the lawsuit, the Carrillos were citizens and residents of Mexico. The IRS moved to dismiss the action, arguing that venue was improper as to nonresident aliens. See Secs. 7429(e), 1402(a)(1). It argued that because the Carrillos did not reside in the judicial district (or for that matter, any judicial district in the United States), venue was improper and the case should be dismissed.
 
 
 4
 The district court denied the IRS's motion to dismiss for lack of venue, holding that a denial of venue to nonresident aliens would violate the due process clause. It further determined that the jeopardy assessments were not reasonable and should be abated, and entered judgment accordingly for plaintiffs.
 
 
 5
 The IRS appealed, attempting to limit its appeal to the propriety of the denial of its motion to dismiss regarding venue. The Carrillos filed this motion to dismiss the appeal, relying on section 7429(f), which provides that "[a]ny determination made by a court under this section shall be final and conclusive and shall not be reviewed by any other court."
 
 
 6
 The Carrillos contend that the language of section 7429(f) and the case law interpreting it prohibit this appeal. The government responds that it is not appealing from a "determination" by the district court regarding the reasonableness and amount of the assessment, as contemplated by Sec. 7429(f),[2] but rather from the district court's determination that venue lay to consider plaintiffs' claims. The government contends that the United States has not consented to be sued under section 7429 by a nonresident alien, and, therefore, the district court had no jurisdiction to entertain the Carrillos' action. Despite the language of Sec. 7429(f), it argues, this court may review the action of the district court because it was taken outside the court's authority.
 
 
 7
 The Ninth Circuit has not directly addressed the question of its jurisdiction over an appeal from a district court's determination concerning venue in a Sec. 7429(f) proceeding. In two published opinions, however, this court has indicated its unwillingness to consider appeals from Sec. 7429(f) proceedings even where the appeals are not strictly related to the district court's decision regarding the reasonableness or amount of the assessment. See Nichols v. United States, 633 F.2d 829 (9th Cir.1980) (dismissing for lack of jurisdiction, rejecting a narrow reading of Sec. 7429 which would preclude appeals only from district court determinations as to the reasonableness and amount of the assessment); Zuluaga v. United States, 774 F.2d 1487 (9th Cir.1985) (holding no review of a Sec. 7429 proceeding available in this court, interpreting Nichols to extend rule of nonreviewability beyond confines of Sec. 7429(b)).
 
 
 8
 The government attempts to distinguish Nichols and Zuluaga, arguing that neither case held that this court could not review actions that were not within the jurisdiction of the district court. The two decisions together, however, indicate this circuit's view that this court may not review any decision of a district court in a Sec. 7429 proceeding, at least where the district court has reached and reviewed the merits of the jeopardy assessment.[3] See Zuluaga, 774 F.2d at 1489 (extending the "general rule of nonreviewability to decisions made in a section 7429 proceeding outside the precise confines of section 7429(b)").
 
 
 9
 The government argues that decisions of other circuits support its position that this court may review whether the district court acted outside its authority in deciding that venue was proper. In all of the cases relied on by the government, however, it was the taxpayer who sought review of an adverse decision by the district court.
 
 
 10
 The purpose of Sec. 7429 was to provide the taxpayer with a method of expedited review "by a detached authority" after the IRS has imposed a jeopardy assessment. Meadows v. United States, 665 F.2d 1009, 1011 (11th Cir.1982); see also Williams v. United States, 704 F.2d 1222, 1225 (11th Cir.1983). There is no comparable policy reason for providing appellate review to the IRS, particularly in a case like the one at bar where the district court has already reviewed the merits of the dispute. The government has not made a convincing case that the plain language of the statute and the clear implication of previous Ninth Circuit cases should be overlooked to provide appellate review in this instance. Accordingly, the Carrillos' motion to dismiss the appeal is granted.
 
 
 11
 Because the reviewability of a district court's decision regarding venue in a Sec. 7429 proceeding is a question of first impression in this circuit, the government's attempt to appeal is not sanctionable conduct. Therefore, the Carrillos' request for sanctions is denied.
 
 
 12
 Appeal DISMISSED; sanctions DENIED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Fed.R.App.P. 34(a)
 
 
 [1]
 All further statutory references are to Title 26 of the United States Code, unless otherwise indicated
 
 
 [2]
 Note that Sec. 7429(b) provides:
 "Determination by the district court--
 Within 20 days after an action is commenced ..., the district court shall determine whether or not--
 (A) the making of the assessment under Section 6851, 6861, or 6862, as the case may be, is reasonable under the circumstances, and
 (B) the amount so assessed or demanded as a result of the action taken under section 6851, 6861, or 6862, is appropriate under the circumstances."
 26 U.S.C. Sec. 7429(b).
 
 
 [3]
 This interpretation is supported by the Seventh Circuit's reading of Zuluaga to mean that Sec. 7429(f) forbids review of even procedural challenges. Hiley v. United States, 807 F.2d 623 (7th Cir.1986)