Bruce MORGAN, Plaintiff–Appellant,

v.

UNITED STATES of America, Defendant–Appellee.

No. 90–16641.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 1991.

Decided March 11, 1992.

Edward B. Simpson, Simpson & Gigou-
nas, San Francisco, Cal., for plaintiff-appel-
lant.

Kenneth L. Greene, Gary R. Allen, John
A. Dudeck, Jr., Tax Div., U.S. Dept. of
Justice, Washington, D.C., for defendant-
appellee.

Before FLETCHER, WIGGINS and
KOZINSKI, Circuit Judges.

PER CURIAM:

Federal agents seized $191,900 in cash
Morgan was carrying in his luggage when
he landed at Oakland airport. He has nev-
er acknowledged ownership of the money.
The IRS made a deficiency determination
of $53,732 pursuant to section 6851(a),
which provides for termination of the tax-
able year and immediate determination of
the tax due, and section 6861(a), which au-
thorizes immediate assessment of tax when
collection will be jeopardized by delay.[1] In
so doing, the IRS relied on a statutory
presumption that collection of tax on cash
amounts in excess of $10,000 held by per-
sons who do not claim ownership and who
are not able to identify the owner will be
jeopardized by delay. Section 6867(a).

Section 6867 also allows the IRS to col-
lect the tax from the possessor, because
the actual taxpayer—the owner of the cur-
rency—is unknown. Thus, "the possessor
of the cash shall be treated (solely with
respect to such cash) as the taxpayer for
purposes of chapters 63 and 64 *and section
7429(a)(1)*." Section 6867(b)(3) (emphasis
added). Chapter 63 details assessment pro-
cedures and 64 does the same for collec-
tion; neither is implicated in this case.
This appeal turns on section 7429.

Section 7429(a)(1) requires notice to the
taxpayer "[w]ithin 5 days after the day on
which an assessment is made under section
6851(a) [or] 6861(a)...." Sections
7429(a)(2) and (3) provide for administrative
review and redetermination of the assess-
ment within 30 days after the taxpayer is
furnished with the notice required by sec-
tion 7429(a)(1). Section 7429(b) authorizes
judicial review of the assessment. The dis-
trict court is directed to review the reason-
ableness of making the assessment and the
appropriateness of the amount assessed.

A threshold question is whether we
have jurisdiction to decide this appeal. Sec-
tion 7429(f) provides that "[a]ny determina-
tion made by a court under this section
shall be final and conclusive and shall not
be reviewed by any other court." Al-
though by its terms the statute seems to
apply only to the district court's decision as
to "the reasonableness of the assessment
and the appropriateness of its amount,"
*Zuluaga v. United States*, 774 F.2d 1487,
1490 (9th Cir.1985) (Wiggins, J., concur-
ring), we have applied the nonreviewability
provision to cases where the district court
makes a decision on the merits of the jeop-
ardy assessment. See *Stebco, Inc. v. Unit-
ed States*, 939 F.2d 686, 688 (9th Cir.1990).
Whether a dismissal is "on the merits" is
determined by reference to FRCP 41(b).
See *Zuluaga*, 774 F.2d at 1489. Here the
district court dismissed Morgan's action be-
cause he lacked standing; such a jurisdic-
tional dismissal is not a decision on the

---

1. All statutory references are to the Internal Revenue Code, title 26 USC.

merits,[2] and thus we are not precluded from reviewing it by section 7429(f).

■ Appellant argues that as a possessor of cash subject to assessment, he is entitled to seek judicial review of the IRS's actions. But he is not a taxpayer; section 7429(b) says only "the *taxpayer* may bring a civil action against the United States" (emphasis added). Furthermore, section 6867(b)(3), which makes the possessor of cash a "taxpayer" for the limited purposes of assessment, collection and notice, applies only to subsection (a)(1) of section 7429. Had Congress desired to provide possessors with administrative or judicial review it would not have limited the definitional provision of section 6867(b)(3) to one narrow subsection—the notice provision—of section 7429.

Possessors, after all, are not prejudiced by an IRS determination of tax on cash in their possession: It is the owner of the money who stands to lose from an improper assessment. Classifying possessors as "taxpayers" for purposes of section 7429(a)(1) ensures that they are notified of the IRS proceedings, and the tax at the maximum rate (see section 6867(b)(2)) provides an incentive for them to admit ownership of the cash or encourage the real owner to step forward. See *Commissioner v. Hendrickson*, 873 F.2d 1018, 1021 (7th Cir.1989); *Matut v. Commissioner*, 858 F.2d 683, 686–87 (11th Cir.1988). Congress, however, has not chosen to extend to possessors a right to judicial review. Thus, appellant has no standing to challenge the jeopardy assessment in this case. See *Hendrickson*, 873 F.2d at 1021; *Lavnikevich v. United States*, 692 F.Supp. 1437, 1439 n. 1 (D.Mass.1988); *Whiting v. Lewis*, 57 A.F.T.R.2d 86–556, 86–557 (N.D.Fla. 1985); *Robrish v. United States*, 579 F.Supp. 477, 478 (D.Mass.1983).

■ Appellant also complains that the notification of assessment was dated two days *before* the assessment itself, and thus violates section 7429(a)(1)'s requirement that the notice be provided "[w]ithin 5 days after the day on which an assessment is made." We note first that appellant has shown no prejudice—nor, we think, could he complain of being notified of an impending tax before it was assessed. See *Loretto v. United States*, 440 F.Supp. 1168, 1175 (E.D.Pa.1977). Furthermore, Webster's defines "within," when used as a preposition, as "a function word to indicate situation or circumstances in the limits or compass of: as ... *before the end of.*" *Webster's Ninth New Collegiate Dictionary* 1355 (1984). Appellant concededly was provided notice before the end of the statutory period. In any event, appellant has no standing to raise this issue in district court, as he has directed us to no basis of jurisdiction other than section 7429(b)—which does not apply to possessors. *Robrish*, 579 F.Supp. at 478; but see *Lavnikevich*, 692 F.Supp. at 1440 (suggesting possessor may have standing to challenge sufficiency of notice).

Our decision does not leave appellant without a forum. Section 6867(b)(3) makes him a "taxpayer" for purposes of chapter 63, including section 6213(a)'s authorization for petitioning the Tax Court for a redetermination of the deficiency.

AFFIRMED.

FLETCHER, Circuit Judge, dissenting:

I write separately because, under well-established precedent in this Circuit, we lack jurisdiction to consider Morgan's appeal.

Morgan brought suit in the court below to challenge the IRS' immediate assessment and collection of income tax on the $191,900 in United States currency found in his luggage at the Oakland Airport. 26 U.S.C. §§ 6851(a) and 6861(a) provide the INS with the authority, under appropriate circumstances, to make expedited levies of this sort. To ensure that this authority is not abused, 26 U.S.C. § 7429(a) requires the prompt administrative reconsideration of such assessments at the taxpayer's re-

2. "[A] dismissal under this subdivision and any dismissal not provided for in this rule, *other than a dismissal for lack of jurisdiction* ... operates as an adjudication upon the merits." FRCP 41(b) (emphasis added).

quest. Section 7429(b) provides, in turn, that a "taxpayer" who has unsuccessfully sought administrative relief may bring a civil action in tax or district court for a determination, to be rendered within twenty days of the commencement of the action, as to whether "(i) the making of the assessment under section 6851 [or] 6861 ... is reasonable under the circumstances, and (ii) the amount so assessed or demanded ... is appropriate under the circumstances...." 26 U.S.C. § 7429(b).

Here, the district court concluded that Morgan lacked standing to invoke the expedited review procedures of section 7429(b) because he has never claimed ownership of the money found in his luggage and thus does not qualify as a taxpayer under that provision. We lack jurisdiction to review this determination. 26 U.S.C. § 7429(f) provides that "[a]ny determination made by a court under [section 7429] shall be final and conclusive and shall not be reviewed by any other court." It can be argued, as Judge Wiggins forcefully did in his separate opinion in *Zuluaga v. United States*, 774 F.2d 1487 (9th Cir.1985), that this language serves to foreclose appellate review only of those determinations a district court is directed to make by section 7429(b), i.e., determinations going to the reasonableness of the IRS' levy of an immediate tax and to the appropriateness of the amount collected. On three separate occasions, however, this court, including the majority's opinion in *Zuluaga*, has rejected this reading of section 7429(f) in favor of a rule barring appellate review of any proceedings brought in a district court pursuant to section 7429(b). We have an obligation to abide by those decisions. *See United States v. Washington*, 872 F.2d 874, 880 (9th Cir.1989) (" 'We are bound by decisions of prior panels' unless an en banc decision, Supreme Court decision, or subsequent legislation undermines those decisions.") (quoting *Montana v. Johnson*, 738 F.2d 1074, 1077 (9th Cir.1984)).

In *Nichols v. United States*, 633 F.2d 829 (9th Cir.1980), we considered, for the first time, the scope of section 7429(f)'s bar to appellate review. There a taxpayer challenged, in proceedings brought under section 7429(b), the IRS' immediate assessment and collection of taxes on funds seized from her by federal authorities. The taxpayer contested not only the appropriateness of the immediate levy and the reasonableness of the amount collected, but objected as well to a number of affidavits the IRS sought to introduce into evidence and to what she characterized as the constitutional inadequacy of the procedures for administrative and judicial review provided by section 7429. The district court largely rejected these contentions and the taxpayer appealed, contending that this Court could review, at the very least, the district court's evidentiary and constitutional determinations, as these did not represent decisions concerning the validity and amount of an expedited levy specifically referred to by section 7429(b).

We held, however, that we lacked jurisdiction over the taxpayer's appeal. In language that could not be clearer, and which bears repeating in full, we stated that "[a]ppellant urges a narrow reading of § 7249(f): A narrow reading which would preclude appeals only from district court determinations as to the reasonableness of the making of the termination assessment and the appropriateness of the amount assessed. We do not adopt that view. The clear intent of Congress was to preclude appeals from district court proceedings under § 7429(f). We will not frustrate that intent by a narrow reading of § 7429(f). The constitutional and evidentiary determinations by the district court are necessarily determinations made under § 7429. Therefore, we hold that review of the determinations below is precluded by § 7429." *Nichols*, 633 F.2d at 831 (citations omitted).

Despite this clear pronouncement that all rulings made by a district court in expedited proceedings brought under section 7429(b) are immune from appellate review, it remained possible in the wake of *Nichols* to argue that the broad bar to appellate jurisdiction applied only to cases in which a district court had in fact reviewed the appropriateness of an IRS assessment. Judge Wiggins made exactly this argument in his separate opinion in *Zuluaga*. "Nich-

954

ols ... does not preclude the court from reviewing orders entered in section 7429 proceedings in which the district court has not actually made a determination of the reasonableness and amount of the assessment." *Zuluaga,* 774 F.2d at 1490 (Wiggins, J., concurring).

The *Zuluaga* majority, however, rejected this attempt to create some room for the appellate review of section 7429 proceedings. The district court had not reviewed the reasonableness of the levy being challenged in that case. It had instead dismissed the taxpayer's action under Fed. R.Civ.P. (Rule) 37(d) because of the taxpayer's failure to appear for a deposition. In explicit language, the majority rejected the taxpayer's efforts to appeal the imposition of this discovery sanction, declaring that "[t]he clear import of [section 7429(f)] is that a district court's determination in a section 7429 proceeding is final and no review of that proceeding may be brought to this court." *Zuluaga,* 774 F.2d at 1489. Referring to this Court's decision in *Nichols,* the majority rebuffed the notion that section 7429(f) bars only the review of those determinations concerning the appropriateness and amount of an immediate levy. "[T]his court," it declared, "has expressly extended the general rule of nonreviewability to decisions made in a section 7429 proceeding outside the precise confines of section 7429(b)." *Zuluaga,* 774 F.2d at 1489 (citing *Nichols,* 633 F.2d at 831).

I see no room for further argument. *Zuluaga* and *Nichols* unequivocally stand for the proposition that section 7429(f) proscribes appellate review of all determinations made by a district court in the course of a section 7429(b) proceeding. Nonetheless, the majority seizes on the observation in *Zuluaga* that a Rule 37(d) dismissal is, under Rule 41(b), technically a dismissal on the merits, and seeks to construct out of that observation the holding that section 7429(f) shields from review only decisions on the merits. A dismissal of a case for lack of statutory standing, the majority

continues, is a jurisdictional dismissal, and Rule 41(b) explicitly provides that jurisdictional dismissals do not constitute determinations on the merits. Thus, the majority concludes, *Zuluaga* indicates that the district court's ruling in this case is appealable.

The majority's bald assertion that the dismissal of a suit for lack of statutory standing amounts to a jurisdictional determination hardly does justice to what, of course, is a very complex question of law. However, I need not engage the majority in a debate as to whether a dismissal on standing grounds is better characterized as a dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) or for failure to state a claim on which relief can be granted under Rule 12(b)(6),[1] because the simple fact is that the majority discovers in *Zuluaga,* and by implication in *Nichols,* holdings which do not exist. To see this, one need only read the language on which those decisions rest. "The clear import of [section 7429(f)] is that a district court's determination in a section 7429 proceeding is final and no review of that proceeding may be brought to this court. Indeed, this court has expressly extended the general rule of nonreviewability to decisions made in a section 7429 proceeding outside the precise confines of section 7429(b) ... 'The clear intent of Congress was to preclude appeals from district court proceedings under § 7429. We will not frustrate that intent by a narrow reading of § 7429(f).'" *Zuluaga,* 774 F.2d at 1489 (quoting *Nichols,* 633 F.2d at 831).

Furthermore, the majority's contention that under the prior decisions of this Court appellate review may be had of district court determinations in section 7429 proceedings that do not go to the merits is foreclosed by our most recent opinion concerning the scope of section 7429's bar to appellate review. In *Stebco Inc. v. United States,* 939 F.2d 686 (9th Cir.1990), we declined to review a district court's determination regarding the proper venue for a

1. Dismissals for failure to state a claim on which relief can be granted operate, under Rule

41(b), as adjudications upon the merits.

taxpayer's section 7429(b) proceeding.[2] Recognizing that, in *Zuluaga* and *Nichols*, we had "indicated [our] unwillingness to consider appeals from § 7429(f) proceedings even where the appeals are not strictly related to the district court's decision regarding the reasonableness or amount of the assessment," *Stebco*, 939 F.2d at 687, we held that we lacked the authority to review the venue determination even though determinations regarding venue are, like jurisdictional determinations, not considered adjudications upon the merits.[3]

I have no quarrel with the majority's views regarding Morgan's standing to obtain relief under section 7429(b).[4] This, after all, is a rather straightforward case. Furthermore, were we writing on a clean slate, I might well agree with Judge Wiggins' well-expressed views in his *Zuluaga* concurrence. We are bound, however, by prior decisions of our court.

Because we lack jurisdiction over this appeal, I would dismiss it.

2. The IRS in district court moved to dismiss for lack of venue. The district court held that a denial of venue to non-resident aliens would violate due process. On the merits, it granted relief to plaintiffs. The IRS appealed only the venue determination.

3. "[A] dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits." Fed.R.Civ.P. 41(b).

4. I am less convinced that the notice of assessment complied with section 7429(a)(1).