BRUCE R. MORGAN, AS POSSESSOR OF CERTAIN CASH, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Morgan v. Commissioner
Docket No. 18593-91
United States Tax Court
T.C. Memo 1992-362; 1992 Tax Ct. Memo LEXIS 382; 63 T.C.M. (CCH) 3183; June 24, 1992, Filed *382 An appropriate order will be issued John Gigounas and Edward B. Simpson, for petitioner. Debra A. Bowe, for respondent. SWIFT
SWIFT
MEMORANDUM OPINION SWIFT, Judge: This case is before us on petitioner's motion for summary judgment. On June 13, 1991, respondent, pursuant to sections 6851 and 6867, [1] issued a notice of deficiency to petitioner in the amount of $ 53,732. The primary issue raised by petitioner's motion for summary judgment is whether the exclusionary rule should apply in this proceeding to bar respondent from introducing certain illegally seized evidence. Petitioner resided in Grass Valley, California, at the time his petition was filed. The facts relevant to this motion are as follows. On March 14, 1990, prior to boarding a flight at Lindbergh Field International Airport in San Diego, California, petitioner placed his carry-on *383 luggage in the x-ray scanning device. Airport employees viewed petitioner's luggage in the x-ray scanning device and observed what appeared to be a large sum of cash. The airport employees reported their observation to a San Diego Harbor police officer on duty in the airport, and the police officer approached and questioned petitioner. In response to the police officer's questions, petitioner claimed that he was a gemologist, that he was on a business trip, and that he was carrying a large but unspecified amount of cash to facilitate gem purchases. Although petitioner was allowed to board the plane, the police officer was suspicious that petitioner was engaged in illegal drug activity, and the police officer reported his suspicions to local drug enforcement officers who immediately contacted the Federal Drug Enforcement Administration (DEA). When petitioner's flight arrived at Oakland International Airport in Oakland, California, petitioner was approached by two DEA agents who had been alerted to petitioner's arrival, and the DEA agents questioned petitioner about the cash in his luggage. Petitioner repeated the explanation he had given to the San Diego Harbor police officer, *384 and petitioner indicated that there was approximately $ 15,000 or $ 20,000 in his luggage. Petitioner, however, claimed that he had no ownership interest in the cash and that the cash belonged to one of his clients. Petitioner would not identify the name of the client. Believing that they had reasonable suspicion that petitioner's luggage contained evidence of illegal drug activity, the DEA agents seized petitioner's luggage. Approximately two hours later, the DEA agents conducted a "sniff search" of petitioner's luggage. [2] The sniff search indicated that petitioner's luggage probably contained illegal drugs. The DEA agents then obtained a search warrant and opened and searched petitioner's luggage. The DEA agents found $ 191,910 in cash in petitioner's luggage but no evidence of illegal drug activity. Agents of respondent's Internal Revenue Service (IRS) were not involved in the seizure of petitioner's luggage. On March *385 22, 1990, the IRS, pursuant to sections 6851 and 6867, made a termination assessment against petitioner as possessor of the $ 191,910 in cash seized from petitioner's luggage, and respondent determined that petitioner owed $ 53,732 in Federal income tax with respect to such cash. On May 1, 1990, in an attempt to retain the $ 191,910 in cash seized from petitioner's luggage as contraband, the DEA instituted forfeiture proceedings in the U.S. District Court for the Northern District of California pursuant to the forfeiture provisions of the Comprehensive Drug Abuse Prevention and Control Act of 1970, Pub. L. 91-513, sec. 511, 84 Stat. 1236, 1276, 21 U.S.C. sec. 801, 881 (1988). In that proceeding in the District Court, petitioner filed a motion to suppress all of the evidence seized by the DEA agents in violation of petitioner's Fourth Amendment rights. Petitioner's motion to suppress was granted in part and denied in part. United States v. $ 191,910 in U.S. Currency, 772 F. Supp. 473 (N.D. Cal. 1991). The District Court found that the DEA agents had reasonable suspicion of criminal activity when they detained petitioner. Id. at 477-478. *386 The District Court determined, however, that the DEA agents violated petitioner's Fourth Amendment rights by not conducting a sniff search of petitioner's luggage within the time limits established by the Supreme Court in Place v. United States, 462 U.S. 696, 706-710 (1983), under which opinion a 90-minute detention of luggage is per se unreasonable where Government agents only have a reasonable suspicion of criminal activity. United States v. $ 191,910 in U.S. Currency, supra at 479. As a result of its conclusion that petitioner's Fourth Amendment rights were violated, the District Court in the forfeiture proceeding suppressed all of the evidence seized from petitioner's luggage by the DEA agents. The District Court, however, did not suppress statements made by petitioner to the San Diego Harbor police officer, nor did it suppress statements made by petitioner to the DEA agents prior to the illegal seizure of petitioner's luggage. The District Court ultimately concluded that the Federal Government, pursuant to the forfeiture provisions of 21 U.S.C. sec. 881 (1988), could not retain the $ 191,910 in cash seized from petitioner's luggage. United *387 States v. $ 191,910 in U.S. Currency, No. C90 1276 TEH (N.D. Cal., Feb. 7, 1992). On August 1, 1990, petitioner, pursuant to the provisions of section 7429(b), filed a complaint in the U.S. District Court for the Eastern District of California requesting judicial review of respondent's $ 53,732 termination assessment with respect to the $ 191,910 in cash seized from petitioner's luggage. Morgan v. United States, 66 AFTR 2d 5834, 90-2 USTC par. 50,550 (E.D. Cal. 1990). The District Court in that proceeding held that petitioner (as a possessor of the cash who denied any ownership interest therein) lacked standing under section 6867(b)(3) to challenge the termination assessment, and the District Court therefore dismissed petitioner's complaint. On appeal, the United States Court of Appeals for the Ninth Circuit affirmed the District Court's dismissal of petitioner's complaint with regard to the termination assessment. Morgan v. United States, 958 F.2d 950 (9th Cir. 1992). On August 19, 1991, petitioner, in this proceeding, filed a timely petition in the Tax Court challenging respondent's determination under section 6867 that *388 petitioner, as possessor of the $ 191,910 in cash, is liable for a deficiency of $ 53,732 in Federal income tax. Petitioner's instant motion for summary judgment raises the issue of whether the $ 191,910 in cash illegally seized from petitioner by the DEA agents is admissible as evidence herein. If the illegally seized cash is not admissible, petitioner then argues that respondent's notice of deficiency is without foundation and is invalid as a matter of law. A decision on a motion for summary judgment may be rendered if there is no genuine issue as to any material fact. Rule 121(b). Either party may move for summary judgment on all or any part of the legal issues in controversy. Rule 121(a). The Tax Court has authority to inquire into the admissibility of evidence. Vallone v. Commissioner, 88 T.C. 794, 806 (1987); Kluger v. Commissioner, 83 T.C. 309, 316 (1984). This authority permits us to determine whether the exclusionary rule should bar the introduction of evidence obtained by State and Federal Government agents in violation of taxpayers' constitutional rights. Vallone v. Commissioner, supra.
The primary *389 purpose of the exclusionary rule is to deter governmental violations of individual constitutional rights. United States v. Janis, 428 U.S. 433, 446 (1976); Adamson v. Commissioner, 745 F.2d 541, 545-546 (9th Cir. 1984), affg. T.C. Memo. 1982-371. Generally, the exclusionary rule is applied in criminal cases to exclude illegally obtained evidence. United States v. Calandra, 414 U.S. 338, 348 (1974); United States v. Janis, supra at 445-447. In considering whether to apply the exclusionary rule to suppress evidence in civil proceedings, courts generally balance the potential deterrent effect of suppressing the evidence against the societal costs of losing probative evidence. United States v. Janis, supra at 454; Adamson v. Commissioner, supra at 544; Tirado v. Commissioner, 689 F.2d 307, 310 (2d Cir. 1982), affg. on other grounds 74 T.C. 14 (1980). If illegally seized evidence has been suppressed in prior judicial proceedings, the question in subsequent judicial proceedings is whether some significant *390 additional deterrent effect would be achieved by also prohibiting use of the evidence in the subsequent judicial proceedings. Tirado v. Commissioner, supra at 311. In making that analysis, courts ask "whether the particular challenged use of the evidence is one that the seizing officials were likely to have had an interest in at the time -- whether it was within their predictable contemplation and, if so, whether it was likely to have motivated them." Id. See also United States v. Janis, supra at 458-459; Adamson v. Commissioner, supra at 546. In determining whether the exclusionary rule should apply in civil proceedings, it is also relevant whether the Government agents who obtained the evidence acted in bad faith in violating individual constitutional rights. United States v. Leon, 468 U.S. 897 (1984); Adamson v. Commissioner, supra; United States v. Lopez-Martinez, 725 F.2d 471, 476 (9th Cir. 1984). Applying the above balancing test, the Supreme Court in United States v. Janis, supra at 460, held that evidence obtained *391 in good faith by State law enforcement officers but in violation of taxpayers' Fourth Amendment rights generally will not be excluded in Federal civil tax proceedings. See also Houser v. Commissioner, 96 T.C. 184 (1991). In Tirado v. Commissioner, supra at 314-315, the United States Court of Appeals for the Second Circuit held that evidence seized in that case in good faith but illegally by Federal non-IRS agents would not be barred. In Jones v. Commissioner, 97 T.C. 7 (1991) (Court reviewed), we recently held that the exclusionary rule did not necessarily bar the introduction of evidence even where it is obtained as a result of certain perceived misconduct by agents of the IRS. Jones v. Commissioner, supra, illustrates that even with the participation of IRS agents in perceived government misconduct (or arguably illegal activity), the application, in Federal civil tax proceedings, of the exclusionary rule under United States v. Janis, supra, will not be automatic. Application of the exclusionary rule still will be governed by balancing the potential deterrent effect *392 of suppressing the evidence against the societal costs of losing probative evidence. In the instant case, we conclude that applying the exclusionary rule in this proceeding would have only a negligible deterrent effect. There is no evidence that the DEA agents deliberately violated petitioner's Fourth Amendment rights. Although the District Court found that the DEA agents did not exercise diligence in searching petitioner's luggage within the time limits imposed by the Supreme Court, the DEA agents did have reasonable suspicion to question petitioner regarding the cash in petitioner's possession. Further, the District Court did not find that the DEA agents acted in bad faith in delaying the sniff search of petitioner's luggage. The evidence seized from petitioner's luggage already has been excluded in a prior judicial proceeding -- namely, the forfeiture proceeding in the U.S. District Court for the Northern District of California. IRS agents were not involved in the illegal seizure of petitioner's luggage, and they did not learn of the $ 191,910 in cash until several days after the seizure. IRS agents did not participate in the DEA's investigation of petitioner, and there *393 is no evidence that the DEA agents seized the luggage with the intention of assisting the IRS in collecting taxes. See Adamson v. Commissioner, 745 F.2d 541, 546 (9th Cir. 1984). Based on the foregoing, we conclude that the evidence found by the DEA agents in petitioner's luggage will not be excluded from evidence in this case even though it was seized illegally. Petitioner also argues that respondent's notice of deficiency is invalid because respondent failed to examine petitioner's 1990 Federal income tax return. Under section 6867, taxpayers are treated as possessors of cash, separate and distinct from their status as individual taxpayers. Petitioner's 1990 Federal income tax return, therefore, is not relevant to petitioner's liability for Federal income tax as a possessor of the $ 191,910 in cash. See Matut v. Commissioner, 84 T.C. 803, 806-807 (1985). Petitioner's motion for summary judgment will be denied. An appropriate order will be issued. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. A "sniff search" is performed by a dog trained to detect the presence of illegal drugs.↩