NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 20, 2011[*]
Decided July 22, 2011

**Before**

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 10-3043

| | |
|---|---|
| MARVEL THOMPSON,<br>*Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 08 C 1294 |
| UNITED STATES OF AMERICA,<br>*Defendant-Appellee.* | Elaine E. Bucklo,<br>*Judge*. |

**O R D E R**

When police officers arrested Marvel Thompson in 2004 for his drug activities with the Black Disciples street gang, they also seized approximately $320,000 (and other property). For reasons that are unclear, the government did not attempt to have the seized money forfeited. In a lawsuit separate from the now-concluded criminal case, Thompson moved under Fed. R. Crim. P. 41(g) for the return of his money. The district court ruled that Thompson regained ownership of the money as of March 4, 2008, the date he filed the motion, but the government could retain custody of the cash until the IRS resolved a

---

[*]After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

pending tax dispute with Thompson. Thompson appeals, and, because we conclude that the court properly allowed the government to retain custody of the funds, we affirm.

Following the arrest that led to the seizure of the money and property, Thompson pleaded guilty without a plea agreement to one count of conspiracy to distribute cocaine, crack cocaine, heroin, and marijuana, *see* 21 U.S.C. §§ 841, 846. The court conducted the plea colloquy after a brief, off-the-record recess during which Thompson, his counsel, and the government discussed the details of his intended plea. Then, under oath at the plea colloquy and while alongside his counsel, Thompson answered "No" when the court asked, "Have there been any promises that have been, that have been made to you to cause you to plead guilty?" The district court completed the colloquy, accepted the guilty plea, and sentenced Thompson to 540 months' imprisonment and a $100,000 fine.

Three years later, the government had not returned the $320,000 or pursued forfeiture of those assets, so Thompson filed a motion under Fed. R. Crim. P. 41(g) seeking the return of the cash and other property seized. Rule 41(g) authorizes a court to return seized property to its owner, but it "may impose reasonable conditions to protect access to the property and its use in later proceedings." In the motion Thompson made the unsworn assertion that, during the brief recess before the plea colloquy, the prosecutor had promised "to abandon its forfeiture count," thereby relinquishing the government's interest in the cash. The district court held the motion in abeyance until we resolved Thompson's appeal of his criminal sentence. After we affirmed Thompson's sentence, the district court concluded that, because Thompson had not paid over $98,000 of his fine, the government had a continuing interest in "at least as much of the seized funds as is necessary to cover the outstanding amount of Thompson's fine." It also concluded that the government had an interest in the seized funds to cover a jeopardy assessment of unpaid federal taxes, interest, and penalties, which together totaled about $220,000. A jeopardy assessment exists when the IRS, believing that collecting a declared tax deficiency will be jeopardized by delay, demands immediate payment. 26 U.S.C. § 6861. Accordingly, the district court considered these funds "as belonging to Thompson as of March 4, 2008," but allowed the government to retain possession until the tax dispute between Thompson and the IRS is resolved.

On appeal, Thompson argues that the district court erred by allowing the government to keep possession of the seized money. He does not argue that a jeopardy assessment is an invalid reason for allowing the government to retain possession of disputed funds. Rather, he contends that the IRS relinquished any claim to the cash because the prosecutor orally promised to forego forfeiture of the funds, which Thompson believes binds all federal agencies (including the IRS). But Thompson submitted no evidence, such as a sworn declaration, of the supposed promise. Nor does he explain away his sworn testimony at the plea colloquy that the prosecutor made no promises to him. "[A] motion that can succeed only if the defendant committed perjury at the plea proceedings may be rejected out of hand unless the defendant has a compelling explanation for the contradiction." *United States v. Peterson*, 414 F.3d 825, 827 (7th Cir. 2005). In his reply, Thompson attempts an explanation, but it is not effective: He swore that the government made "no promises" to him because he intended to plead guilty to just some of the facts

alleged against him. But Thompson does not contend that, when he assured the court that the prosecutor made no promises to him, he was confused, under duress, or suffered from some disability; absent such assertions, his assurance of "no promises" remains valid. *See United States v. Oliver*, 630 F.3d 397, 414 (5th Cir. 2011); *Tovar Mendoza v. Hatch,*. 620 F.3d 1261, 1269 (10th Cir. 2010); *Hutchings v. United States*, 618 F.3d 693, 699 (7th Cir. 2010). Thus, without any reason to question the legitimacy of the IRS's interest in the funds, the district court did not abuse its discretion, which is the controlling standard, *United States v. De La Mata*, 535 F.3d 1267, 1279 (11th Cir. 2008); *Stevens v. United States*, 530 F.3d 502, 506 (7th Cir. 2008), in declining to return possession of the funds to Thompson.

Even if the prosecutor had made an enforceable oral promise to drop the forfeiture count, it does not follow that this promise extinguished the IRS's separate interest in the funds. A prosecutor's agreement will not bind more than the office of the United States Attorney unless the promise explicitly contemplates "a broader restriction." *United States v. Rourke*, 74 F.3d 802, 807 n.5 (7th Cir. 1996) (citing *United States v. Annabi*, 771 F.2d 670, 672 (2d Cir. 1985)). But Thompson himself characterizes the promise as requiring the prosecutor only "to abandon its forfeiture count." On those limited terms, the promise says nothing about any other agency (much less another unrelated proceeding) and therefore cannot bind the IRS. *See also Rourke*, 74 F.3d at 810 (noting that the plaintiff has not provided any statutory authority or case law suggesting that the prosecution can bind the FAA); *United States v. Gebbie*, 294 F.3d 540, 549-50 (3d Cir. 2002).

Thompson argues that the district court also erred in deeming the funds to belong to him as of March 4, 2008, when he filed his motion. He contends that the proper date is October 4, 2004 (when the government deposited the funds in an interest-bearing account, no longer considering it evidence) or March 29, 2005 (when he claims that the government orally promised to drop the forfeiture count). But the district court properly concluded that the seized money is deemed to have been revested in Thompson "as of the date that the [Rule 41(g)] motion should have been granted," and the earliest date that his motion could have been granted is March 4, 2008, the date on which he filed it. *In re Search of 2847 East Higgins Road, Elk Grove Village, Ill.*, 390 F.3d 964, 966 (7th Cir. 2004).

AFFIRMED.