NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 1, 2011[*]
Decided November 3, 2011

**Before**

DIANE P. WOOD, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-1063

| | |
|---|---|
| MARVEL THOMPSON,<br>*Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 10 C 4455 |
| UNITED STATES OF AMERICA,<br>*Defendant-Appellee.* | Harry D. Leinenweber,<br>*Judge.* |

**O R D E R**

When police officers arrested Marvel Thompson in 2004 for his drug activities, they also seized approximately $320,000. The government did not pursue forfeiture of the funds, and Thompson sought their return in a separate civil action in the Northern District of Illinois. The district court ruled that Thompson owned the funds, but allowed the government to retain possession of them, and we affirmed. *Thompson v. United States*,

---

[*]After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2)(C).

No. 10-3043, 2011 WL 2938075 (7th Cir. July 22, 2011). We explained that, after Thompson sought the return of these funds, the IRS learned that Thompson had not filed any tax returns between 2000 and 2004. Concerned about Thompson's possible insolvency, the IRS sent Thompson notices of a jeopardy assessment and jeopardy levy (which launched expedited proceedings enabling the IRS to secure quickly any past-due tax payments from available sources, see 26 U.S.C. §§ 6861, 6331(a)), for $218,797.48. Thompson challenged the jeopardy assessment and levy by filing a complaint in the Western District of Louisiana. That court transferred the suit to the Northern District of Illinois, where the district court upheld the jeopardy levy and assessment. Thompson appeals that ruling, arguing that because the district court did not rule on his complaint within the 20-day period specified by 26 U.S.C. § 7429(b)(3), the jeopardy levy and assessment must be extinguished. Because we conclude that the court acted within the scope of its authority, we affirm.

The IRS sent Thompson the notice of a jeopardy assessment and levy in early 2010. Thompson was then incarcerated in Louisiana, serving a 540-month sentence for his drug activities. He filed his complaint in the Western District of Louisiana on May 4, 2010. The next week the court issued summonses on the United States and dispatched the United States Marshal to serve the United States. In Thompson's complaint, and in a separate filing he made three weeks later, Thompson stated that the district court had 20 days from the date he filed his complaint to rule on the validity of jeopardy assessment and levy, a reference to 26 U.S.C § 7429(b)(3).

Five weeks after Thompson filed his complaint, the district court still had not ruled, so he moved for summary judgment to void the assessment and levy on the basis that the 20 days had elapsed. The government responded that, although Thompson had mailed the complaint to the United States Attorney's Office, no one had served the United States in the manner specified in Rule 4(i)(1). See FED.R.CIV.P. 4(i)(1) (providing that the plaintiff must serve the complaint and summons on the United States Attorney's Office, the Attorney General of the United States and the IRS by certified or registered mail). Because of the insufficiency of service of process, the government argued that the improper service tolled the 20-day period under 26 U.S.C § 7429(b)(3). The government also argued that, because Thompson's last residence before imprisonment was Chicago, the proper venue for Thompson's lawsuit was the Northern District of Illinois. On the merits, the government argued that the jeopardy levy was reasonable because Thompson participated in illegal activities, failed to file tax returns, and was likely financially insolvent.

The Louisiana district court characterized Thompson's motion as akin to a request for a default judgment and found that the record contained no proof of service on the United States. It also ruled that Thompson "did not inform the court of his entitlement to a speedy determination of his claim" and that in any case venue was proper only in the Northern District of Illinois, where it transferred the suit.

Once 20 days elapsed after the transfer of his suit, Thompson moved for summary judgment in the Illinois district court. He reiterated his belief that he was entitled to judgment as a matter of law because of the lapsed 20-day period. The government urged

the court to adopt the ruling of the Louisiana district court rejecting that position. In its own motion, the government asked for summary judgment on the merits, citing Thompson's unfiled returns, illegal drug activities, and probable insolvency. Five days after the government filed its motion, the district court agreed that the expired 20-day period did not mandate judgment in Thompson's favor. At the same time, the court stated that the government's explanation for the levy and assessment was sufficient.

In this appeal, Thompson acknowledges that 26 U.S.C. § 7429(f) limits our review to considering only whether the district court exceeded its authority by ruling on his complaint more than 20 days after he filed it. *Hiley v. United States*, 807 F.2d 623, 627–28 (7th Cir. 1986) (explaining that "although a district court's decision on the merits of the making and amount of the assessment is unreviewable, an appellate court does have jurisdiction to determine whether the district court acted within the scope of its statutory authority"); *United States v. Doyle*, 660 F.2d 277, 279 (7th Cir. 1981). He highlights that under section 7429, "[w]ithin 20 days" of the filing of the complaint, the district court "shall" determine whether the jeopardy assessment is reasonable and whether the amount assessed is appropriate. Because the district court did not rule within 20 days, Thompson maintains that it was required to abate the jeopardy levy, not approve it.

Because the 20-day provision does not specify the consequences for failure to meet the deadline, we have concluded that it sets out "only a strong admonition for the judiciary to act expeditiously" rather than "a limitation on the lower courts' jurisdiction. . . ." *Hiley*, 807 F.2d at 627 n.7. Furthermore, since the deadline is extraordinarily short, we will not impose the drastic remedy of voiding a levy unless the plaintiff has shown extraordinary diligence in informing the court that the case is ready for a prompt ruling. *Doyle*, 660 F.2d at 280. Here, Thompson did not show such diligence. He asserted to the Illinois and Louisiana district courts only that he was entitled to a ruling 20 days after he filed suit, but he ignored that the statute tolls the 20-day period if "the court determines that proper service was not made. . . ." 26 U.S.C. § 7429(b)(3). The Louisiana court found no proof of service. Moreover, when a plaintiff seeks a default judgment against the United States or its agencies, the plaintiff must prove a "right to relief by evidence that satisfies the court." See FED.R.CIV.P. 55(d). And proof of valid service of process is always a prerequisite to judicial relief, *Omni Capital Int'l, Ltd. v. Rudolph Wolff & Co.*, 484 U.S. 97, 104 (1987), even for pro se plaintiffs suing the United States, *McMasters v. United States*, 260 F.3d 814, 818 (7th Cir. 2001). Because Thompson adduced no evidence of proper service, the Louisiana court correctly determined that no service was made, and the 20-day limit was tolled. 26 U.S.C. § 7429(b)(3). Thus, the district court did not exceed its authority when it issued its judgment more than 20 days after the commencement of the action.

Thompson also argues that the transfer from Louisiana to Illinois was erroneous. We have jurisdiction to review an order from a court within our territorial jurisdiction denying a motion to transfer a suit back to the transferor district. But we do not have jurisdiction to review a transfer order from a court outside of our territorial jurisdiction. See *Posnanski v. Gibney*, 421 F.3d 977, 980 (9th Cir. 2005); *Alexander v. Erie Ins. Exch.*, 982 F.2d 1153, 1156 (7th Cir. 1993); see also 15 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND

PROCEDURE § 3855 (3d ed. 1986). Thompson did not ask to have his suit transferred back to Louisiana. Consequently, we lack jurisdiction to review the venue determination.

AFFIRMED.